Argued December 28, 1896; decided March 16, 1897.

## JENNINGS v. GARNER.
(47 Pac. 177.)

PRACTICE—MOTION TO STRIKE OUT TESTIMONY.—A motion to strike out must be directed entirely to incompetent matter, for if any of the matter to which it refers is competent, the request must be refused.

From Multnomah: E. D. SHATTUCK, Judge.

This is an action by John J. Jennings against Anna P. Garner and others to recover commissions alleged to have been earned by plaintiff in procuring the exchange of certain real and personal property in behalf of the defendants. The complaint shows, among other things, that plaintiff was a real estate agent and broker; that prior to November 28, 1894, the defendants listed with him certain real and personal property for exchange or sale, agreeing, in case he procured the sale or exchange thereof, to pay him a commission of two and one-half per cent. on its selling or exchange value; that on the 28th day of December, 1894, plaintiff effected an exchange of said property with one H. E. McDaniels, for certain real and personal property of his; that the agreed exchange value was $10,500;

and that the commission thereon amounts to $262.50, for
which sum with interest plaintiff prays judgment. At the
trial, the evidence tended to show that in the spring of
1894 the defendant A. B. Carswell listed the said property
with plaintiff; that in September following defendant
Garner listed the same property with him, and that it was
not owned jointly by them, but in parcels in their individ-
ual rights. H. E. McDaniels, a witness in behalf of plain-
tiff, was asked whether at a certain time he had a conver-
sation with either J. S. Garner or A. B. Carswell in regard
to their relations with plaintiff, to which he answered
that Garner and Carswell said they were the agents of
defendants Anna P. Garner, A. S. Garner and W. J. Gar-
ner, and that they had entered into an agreement to pay
the plaintiff two and one-half per cent. commission on
$10,500. Whereupon defendants asked the court to strike
said evidence from the record for the reason that it was in-
competent, immaterial, and irrelevant. The request was
overruled, and an exception allowed. The court instructed
the jury, among other things, as follows: "An employ-
ment can be made by express terms or it can be made by
implication. Parties coming together and in unequivocal
terms agreeing upon a certain matter makes an express
contract, but if parties act toward one another in such man-
ner as to indicate that one is employed by the other to
do certain things, although there are no direct words of
employment, that is an implied contract. * * * An
implied contract sometimes arises from a party who has
not constituted another his agent, but, after that agent
has accomplished some act, he takes what benefit may
arise from it. In such case as that there is an implied con-
tract, and the taking of the benefit implies that he assumes
the charges therefor. Where the effects and the results
of the agent's actions are accepted and enjoyed by the
principal, the principal is bound as much as if he had

accepted it in the beginning," to all which relating to an implied agency the defendants objected. The verdict and judgment were for plaintiff, and defendants appeal, and assign as errors that the court allowed evidence to be given of the declarations made by alleged agents for the purpose of proving their agency, and that it erroneously instructed the jury as it respects an implied agency.

AFFIRMED.

For appellants there was a brief over the name of *Joseph W. Metcalf,* with an oral argument by *Messrs. Andrew M. Crawford* and *William R. Willis.*

For respondent there was a brief and an oral argument by *Mr. Michael G. Munly.*

MR. JUSTICE WOLVERTON, after stating the facts, delivered the opinion of the court.

It is contended that, inasmuch as agency cannot be proven by the declarations of the agent, the court erred in refusing to grant defendants' request to strike out the answers of witness McDaniels set forth in the foregoing statement. The answer is a little ambiguous, but it is susceptible of the construction that A. B. Carswell and J. S. Garner said they were the agents of the other defendants named, and that they—Carswell and J. S. Garner—had entered into an agreement to pay plaintiff two and one-half per cent. commission on $10,500. Now, it may be admitted that it was incompetent for the witness to state what Carswell and Garner said touching their agency, but the statement touching what they said as it respects the commission agreed to be paid was perfectly competent and relevant, because it was a disputed question whether there was an agreement to pay a commission.

The request to strike out, therefore, conjoined matter that was competent with such as may be said to be incompetent, without discrimination, and, such being the case, it was proper for the court to deny the request.    It is the duty of a party to separate the incompetent from the competent testimony, for when the two are indiscriminately combined the motion to strike out should be over-ruled: 1 Thompson on Trials, § 719.    In *Wolfe* v. *Pugh*, 101 Ind. 294-307, ZOLLARS, C. J., said:    "The motion included all the conversations of Osborn with Pugh, some of which were clearly competent.    If any of the evidence was competent, it was not error to overrule a motion to strike out the whole of it."    And in *State* v. *Hymer*, 15 Nev. 49, it was held that the motion to strike out all the testimony of a witness, when any portion thereof is admissible, should be denied.    See also *Louisville, etc., Ry. Co.* v. *Falvey*, 104 Ind. 409 (3 N. E. 389).    The court was therefore, not in error in refusing the request.

The assignment of error touching the court's instructions is vague and indefinite.    However, this supposed defect was not insisted upon at the oral argument, but it was contended that it was error to instruct the jury at all touching an implied contract, and that any testimony which went to the jury tending to prove such a contract was clearly incompetent under the pleadings.    The answer to this is that there were no objections whatever made at the trial to the introduction of such testimony, nor were there any exceptions taken to the instruction sufficiently pertinent to save the questions suggested for the consideration of this court, and it is now too late to predicate error touching the action of the court below in that regard.

AFFIRMED.