William E. Burns, Appellee, v. Simon Storchak, Appellant.

Gen. No. 43,909.

348

Opinion filed May 19, 1947. Released for publication June 3, 1947.

MILLER, GORHAM, WESCOTT & ADAMS, of Chicago, for appellant; HERBERT C. DE YOUNG, of Chicago, of counsel.

OWENS & OWENS, of Chicago, for appellee; THOMAS L. OWENS and VINCENT G. RINN, both of Chicago, of counsel.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought an action against defendant to recover compensation on account of injuries sustained by him through the claimed negligence of defendant in driving his automobile. There was a jury trial and a verdict and judgment in plaintiff's favor for $6,000. Defendant appeals.

Plaintiff filed an amended complaint consisting of 3 counts. The third count was the only one involved in the case when it went to the jury. It charged that plaintiff was riding in an automobile which was owned and being driven at the time, by defendant, north in Route 42 from Chicago to Waukegan, Illinois. That when they reached the entrance to the Great Lakes Naval Training Station and near the intersection of Downey Road which crosses Route 42 in an underpass, defendant so negligently operated the automobile that the car went into the underpass and plaintiff was severely injured. Defendant filed an answer to the first and second counts and a motion to strike the third count of the amended complaint. One of the grounds

of the motion was that "Count 111 of said Amended Complaint fails to allege that the plaintiff was riding therein as a guest or invitee for a consideration or that the defendant was guilty of willful and wanton misconduct which caused plaintiff's injuries." Some two years afterward, February 28, 1946, on motion of defendant, an order was entered giving him leave to file an amendment instanter to his answer and plaintiff was ruled to reply within 10 days. The amendment was accordingly filed and is an answer to the third count of the amended complaint. It set up as an "affirmative defense, a plea of estoppel by judgment or verdict," that Samuel Clarke, who was also riding in the automobile as a passenger of defendant at the time in question, was killed as a result of the accident for which plaintiff seeks to recover; that his administratrix brought suit against defendant under the Injuries Act to recover; that the verdict and judgment was for defendant, which was affirmed by the Supreme Court, *Clarke v. Storchak,* 384 Ill. 564. The amended complaint was filed after the decision of the *Clarke* case by the Supreme court. Plaintiff filed his motion to strike defendant's answer setting up estoppel by verdict, the motion was sustained and that answer stricken. About a month thereafter, defendant filed its answer to Count 3 of the amended complaint and as a part of the same document, what counsel designates as an "Additional Defense," in which it was averred that the plaintiff failed to state a cause of action "in the amended complaint or any Count thereof and further because, he says, that at the time and place in question the plaintiff was riding in the motor vehicle of the defendant as a guest, without payment of such ride"; and that no recovery could be had by such guest for injuries except such as "shall have been caused by the willful and wanton misconduct of the driver of the vehicle" and that no such allegation is made in Count 3.

The evidence is to the effect that defendant owned a newsstand located at Wilson and Hazel avenues, Chicago, and had started selling papers in 1931; that at the time he was also studying to become an optometrist; that he bought a new Dodge coupe about 6 weeks before the accident which occurred July 18, 1939; that he knew Clarke for about 6 months who was one of his newspaper customers; that arrangements were made by the two to drive from Chicago to Waukegan and back and plaintiff, Burns, who knew Clarke, was also to be taken by defendant at the same time in defendant's automobile. That on the morning of July 18, 1939, defendant, driving his automobile, picked up Clarke who lived nearby and they then went and picked up plaintiff, Burns, who lived a short distance away. When Clarke was picked up he told defendant that Burns was to go along. Route 42 on which they were proceeding north towards Waukegan was a two-lane road and a short distance before they reached the point where the accident occurred, apparently the pavement was widened towards the east for a short distance and then went back to the two-lane width. This was almost opposite the entrance to the Naval Training Station.

The evidence further tends to show that defendant had been driving at a speed of sometimes around 60 miles an hour and shortly before the accident, about 40 to 45 miles per hour. That he pulled over towards the west or southbound lane and apparently one of the left wheels went off the pavement onto the shoulder which was muddy; he then pulled back towards the east and in trying to straighten out he lost control and the car plunged down through the wire fence into the underpass of Downey Road.

Plaintiff gave testimony to the effect that when defendant, with Clarke in the automobile, picked plaintiff up on the morning in question, it was agreed that Clarke and Burns should each pay defendant $1.50

for taking them to Waukegan and back. (This was denied by defendant who testified there was no such agreement.) And further, that it was agreed that the payment need not be made until they returned to Chicago; that he was going to Waukegan to look for a job as a printer, which was his line of work.

At the close of all the evidence plaintiff and defendant each tendered an interrogatory and requested the court to submit it to the jury. The court indicated he would not submit either interrogatory and thereupon defendant's counsel requested the court to give the interrogatory submitted by counsel for plaintiff and this was accordingly done. The interrogatory is as follows: "Was the plaintiff, William E. Burns, at the time of the occurrence in question riding in the automobile of the defendant as a guest with an agreement to pay for such ride? Answer: Yes." This was signed by all of the jurors.

Counsel for defendant in their brief make a number of points, one, that the court erred in ruling that the burden of proof was on defendant to establish that plaintiff was a guest at the time of the accident and instructing the jury to this effect, and point out instruction 4, given at plaintiff's request. By that instruction the court told the jury that "Under the pleadings filed by the defendant alleging that the plaintiff was a guest in the automobile of the defendant without payment for the ride, the burden of proof is on the defendant to prove this allegation by a preponderance or greater weight of the evidence under the instructions of the court." This was substantially repeated in plaintiff's instruction 11, of which complaint is also made.

 We think there is merit in this contention. The burden of proof was on the plaintiff to produce evidence to show that plaintiff was not a guest but was to pay for the ride. He offered evidence to this effect. But the instructions just mentioned were wrong.

Defendant offered an instruction which the court refused, by which it was sought to tell the jury that the burden of proof is not upon defendant but that before the plaintiff can recover he must prove by a preponderance or greater weight of the evidence that plaintiff was lawfully riding in defendant's automobile under an arrangement with defendant to pay for such ride. We think this is a correct statement of the law and the instruction should have been given. *Clarke v. Storchak,* 384 Ill. 564 and cases there cited, and *Miller v. Miller,* 395 Ill. 273.

Defendant further contends that the court erred in not allowing defendant's motion for a directed verdict or for judgment notwithstanding the verdict. We think this contention cannot be sustained, the question was for the jury.

A further complaint was made that the court refused to give an instruction tendered by defendant to the effect that if they believed from the evidence that plaintiff was injured as the result of a mere accident, he could not recover. This instruction was improper and properly refused. *Krawitz v. Levinstein,* 320 Ill. App. 618.

For the reasons stated, the judgment of the Superior court of Cook county is reversed and the cause remanded.

*Reversed and remanded.*

NIEMEYER and FEINBERG, JJ., concur.