Argued May 7, 1957, affirmed January 15, 1958

CAMERON *v.* COLUMBIA BUILDERS, INC. ET AL

320 P. 2d 251

*W. A. Franklin,* Portland, argued the cause and filed a brief for appellant. On the brief were Anderson, Franklin, O'Brien & Hanlon and Charles A. Phipps, Portland.

*Roger L. Dick,* The Dalles, argued the cause for respondent. On the brief were Dick & Dick, The Dalles.

Before PERRY, C.J., and BRAND, MCALLISTER and KESTER, Justices.

McALLISTER, J.

This is an action to recover damages for personal injuries sustained by the plaintiff, Everett A. Cameron, when an automobile operated by him collided with a pickup belonging to the defendant Columbia Builders, Inc. and operated by the defendant Frank Miller. The jury returned a verdict for defendants and from the judgment based thereon, plaintiff has appealed.

The plaintiff contends that the court erred in excluding certain testimony of the plaintiff concerning an admission by the defendant, in failing to exclude portions of the testimony of a witness who was riding in defendant's vehicle and in failing to withdraw from consideration by the jury five specific allegations of contributory negligence contained in the defendant's answer.

For convenience in discussing the testimony, we will refer to the automobile operated by plaintiff as plaintiff's car although it was not owned by him. Since the responsibility of Columbia Builders, Inc. for the acts of the defendant Frank Miller is not in dispute, we will refer to Miller as if he were the sole defendant.

The collision occurred on September 12, 1953, a few miles east of The Dalles on US highway 30 which runs in an easterly and westerly direction. At the scene of the accident a road intersects the highway on the north side at an angle from the northwest. The angle is so acute that a motorist entering the highway from the side road could not make a right turn to proceed west without crossing the center line of the highway. Because of this condition, a turnaround was provided on the south side of the highway a few feet east of the intersection. A motorist coming from the side road who desired to proceed west could cross the

highway on a slight diagonal, enter and follow the turnaround which would bring him back to the south edge of the highway at a right angle thereto. After stopping, the motorist could then drive on the highway in the usual manner.

The highway proceeding west from the intersection curves gradually to the south on an ascending grade to an overpass about 480 feet from the intersection. Cars approaching from the west could first be seen from the intersection when they were near the east end of this overpass. The accident happened in the forenoon of a clear, dry day. There were no other vehicles in the vicinity when the collision occurred.

Plaintiff testified in substance that he was driving east on the highway; that he was from 200 to 300 feet west of the intersection when defendant drove onto the highway without stopping and started to turn to the right; that defendant's car was traveling at a speed of 12 to 15 miles per hour; that plaintiff was driving at a speed of 40 to 50 miles per hour and slowed down to let defendant complete the right turn; that instead of completing the right turn, defendant suddenly turned to his left toward the turnaround when the two cars were only 30 to 40 feet apart; that plaintiff applied his brakes and swerved to the left but the front of his car hit the right rear corner of defendant's pickup; that the plaintiff's car stopped from 8 to 10 feet beyond the point of impact. Plaintiff's testimony was corroborated by Lynn Turman who owned the car driven by plaintiff and was riding with him.

Defendant testified that he approached the highway from the side road; that he brought his car to a stop near the stop sign which was about 10 to 15 feet from the north edge of the paved portion of the high-

way; that he looked to the west but saw no vehicles approaching; that he then drove directly across the highway toward the turnaround and that when the front of his car had left the paved portion of the highway, the right rear wheel and fender were struck by the front of plaintiff's vehicle.

Plaintiff contends that the court erred in excluding his offer of proof concerning certain alleged admissions made by defendant. There was considerable testimony about admissions of fault made at various times by defendant. The plaintiff, Lynn Turman and a state police officer all testified that while the parties were still at the scene, defendant admitted that the accident was his fault. As a witness defendant conceded that he had made such admissions but testified that he later changed his mind as to his responsibility for the accident. Lynn Turman testified that at a later time when he was talking to defendant about the repairs to Turman's car, defendant again admitted responsibility for the accident. Plaintiff also testified that on two separate occasions several months after the accident, defendant again admitted that the accident was his fault. The offer of proof concerned alleged admissions made by defendant to plaintiff on one of these occasions.

Plaintiff testified that about eight months after the accident he talked to defendant in a restaurant in The Dalles and that during the conversation defendant stated that "he felt he was still responsible for the wreck" and "he felt it was his fault" and that "he would stand before any jury in the world and tell them that he was at fault at the time of the accident." This testimony was received without objection.

Plaintiff's testimony concerning other statements made by defendant during the same conversation was

taken in chambers as an offer of proof. We quote the material portions thereof:

"Mr. Franklin: You can say anything; tell us the whole conversation.

"A. [by plaintiff] Okey. We sat there in a booth for possibly 15-20 minutes and drank two cupes (sic) of coffee. I was on my way home, my wife was there and Mr. Miller was very dissatisfied with the fact that this case hadn't been settled. He said that he would do all in his means to have the case settled with his insurance company and he thought that it could be done and he said that he felt awful bad that it wasn't already done."

"* * * * *.

"Q. Did he make any statements with reference to having advised his company repeatedly about liability?

"A. He did and he also said that he was cancelling his insurance with them, that he didn't feel that they had done him justice. That he had paid them to protect him and not bring him into court in a matter of this kind."

The court sustained an objection by the defendant to this offer.

■■ We think the trial court did not err in excluding this testimony. This court has repeatedly held that the fact that the defendant in a damage action is insured is not relevant to the issues of negligence or injury, is prejudicial and may not be injected needlessly in the case. See *Leishman v. Taylor,* 199 Or 546, 263 P2d 605; *Smith v. Pacific Truck Express,* 164 Or 318, 100 P2d 474; *Wells v. Morrison et al.,* 121 Or 604, 256 P 641 and cases cited therein. The rule is also well settled that if the evidence is otherwise relevant it will not be excluded because it discloses as an essential part thereof that defendant is insured. *Smith v. Pacific*

*Truck Express,* supra. It is a corollary of this rule that if that portion of a conversation referring to insurance can be separated from the remainder of the conversation without impairing the effect of the admission, the reference to insurance should be excluded. *Dam v. Lake Aliso Riding School,* 6 Cal2d 395, 57 P2d 1315 and *Gittens v. Lundberg,* 3 Utah2d 392, 284 P2d 1115.

 Plaintiff was entitled to show that defendant had admitted responsibility for the accident but was not entitled to show that defendant was insured unless such fact was an essential part of the admission. Evidence was received of three separate statements made by defendant during this conversation, each clearly admitting his fault. The additional evidence would have added nothing to these unequivocal admissions and would have needlessly injected insurance into the case.

We also point out that the offered evidence consists in part of the conclusions of plaintiff rather than of statements made by defendant. Any permissible inferences should be drawn by the jury from the language used by the defendant rather than from the conclusions of plaintiff concerning that language. Defendant's dissatisfaction because his insurance company had not settled the case does not require an inference that defendant considered himself solely at fault. Assuming that such an inference could reasonably be drawn from the offered testimony, nevertheless, in view of the other evidence of express admissions by defendant, this cumulative and prejudicial evidence was properly excluded.

 Plaintiff assigns as error the denial of his motion to strike a portion of the testimony of Paul Nelson

who was riding in defendant's pickup. Plaintiff's motion was made as follows:

"Now at this time the plaintiff will move the Court to strike from the record and to instruct the jury to disregard the testimony of the witness Nelson with respect to the speed of plaintiff's vehicle, the distance it traveled on the highway and all other matters relating to the plaintiff's vehicle as distinguished from the vehicle in which he was riding upon the ground and for the reason that the physical evidence rule applies in this case and the facts as testified to by the witness Nelson are physically impossible."

We think the motion to strike was properly denied for two reasons. In the first place, the motion was too broad. Even if we assume that plaintiff's objection to a portion of the testimony was well taken, other portions "relating to the plaintiff's vehicle" were clearly admissible and were received without objection. The rule applicable to such a motion is stated clearly in *Jennings v. Garner,* 30 Or 344, 48 P 177, as follows:

"* * * The request to strike out, therefore, conjoined matter that was competent with such as may be said to be incompetent, without discrimination, and, such being the case, it was proper for the court to deny the request. It is the duty of a party to separate the incompetent from the competent testimony, for when the two are indiscriminately combined the motion to strike out should be overruled: 1 Thompson on Trials, § 719."

See also *Massor v. Yates,* 137 Or 569, 3 P2d 784 and *Hayes v. Ogle,* 143 Or 1, 21 P2d 223.

In support of this assignment, plaintiff relies on the so-called incontrovertible physical facts rule. Nelson testified that when defendant stopped his vehicle at the stop sign, the witness looked to the west and

saw no vehicles approaching; that after defendant "started to proceed across the road" the witness looked again to the west and saw plaintiff's car coming about 400 feet from the intersection. Later, on cross-examination, Nelson stated that when he first saw the plaintiff's car, the front wheels of defendant's pickup were "about on the center stripe" and that when the impact occurred the rear wheels of the pickup were "maybe four feet" across the center line. It is argued from this that plaintiff's car would have had to travel in excess of 100 miles per hour in order to travel 400 feet while the defendant's car was traveling about 20 feet at five miles per hour.

■ We think the physical facts rule does not apply in this case for the reasons stated in *Van Zandt v. Goodman,* 181 Or 80, 179 P2d 724; *Hopfer v. Staudt,* 207 Or 487, 298 P2d 186; and *Dorey v. Myers,* 211 Or 631, 317 P2d 515. This witness frequently pointed out that his testimony with regard to the positions of the vehicles and the distances traveled by each was not accurate. Nelson repeatedly used expressions such as "possibly," "about," "just a guess" and "it is not accurate but it is an estimate." The following statement from *Van Zandt v. Goodman,* supra, is controlling here:

> "It is said that 'the physical facts rule cannot come into play with respect to the position, speed, etc., of movable objects, if the facts relative to speed, position, etc., must be established by oral evidence' or 'where it is necessary to make estimates or measurements, or to start with an assumption of the existence of a fact'. * * *"

■ By separate assignments of error, plaintiff contends that the court erred in denying his motions to withdraw from the consideration of the jury each of five specific allegations of contributory negligence,

namely, (1) driving at an excessive speed, (2) failure to reduce speed, (3) failure to swerve his vehicle, (4) failure to keep a proper lookout, and (5) lack of proper control. We have carefully reviewed the evidence and are satisfied that the court did not err in submitting each of these allegations of contributory negligence to the jury. There was competent evidence tending to prove each of them.

Finding no error, the judgment is affirmed.