Argued November 2, affirmed November 30, 1960

## BRADFIELD *v.* KAMMERRER

357 P. 2d 278

*Harold A. Fabre* argued the cause for appellant. On the briefs were Fabre, Collins & Kottkamp, Pendleton.

*George H. Corey* argued the cause for respondent. On the brief were Corey & Byler, Pendleton.

Before McAllister, Chief Justice, and Rossman, Perry, Sloan, O'Connell, Goodwin and King, Justices.

O'CONNELL, J.

Plaintiff brought this action to recover for personal injuries suffered by her when she was struck by defendant's automobile as she was crossing a street. The trial court directed a verdict for defendant. Plaintiff appeals.

The accident occurred at approximately 7 p.m. on February 26, 1958. Plaintiff was crossing Hermiston Avenue in Hermiston, Oregon when she was struck. She was not in a crosswalk.

Plaintiff concedes that in violating the ordinance making it unlawful to cross a street between intersections she was contributorily negligent as a matter of law under the rule last announced by us in *Henthorne v. Hopwood*, 218 Or 336, 338 P2d 373, 345 P2d 249 (1959). To extricate herself from the application of this rule she attempted to prove that defendant was guilty of reckless conduct. The trial court concluded that there was not sufficient evidence of reckless conduct to justify a verdict and granted defendant's motion for a directed verdict.

On this appeal we are called upon to decide whether there was evidence from which the jury would be justified in finding that defendant was guilty of reckless conduct.

Plaintiff contends that the following facts establish defendant's reckless conduct. Defendant had driven along Hermiston Avenue on previous occasions and was aware of the traffic signs, the speed limit, and the predominantly residential character of the neighbor-

hood. It is argued that under these circumstances defendant was chargeable with knowledge that he might encounter pedestrians and that it was his duty to keep a lookout for them. Defendant testified that he did not see plaintiff until he was about 20 or 30 feet from her. She was wearing a white coat. Defendant's automobile struck plaintiff when she was near a street light. Defendant testified that he was travelling about 20 miles per hour. On the other hand, plaintiff contends that the jury could find that defendant was travelling at a rate of approximately 45 miles per hour. This estimate is based upon the following calculation. After the accident plaintiff timed herself as she walked from the place where she first observed defendant's automobile to the place where she was struck. The elapsed time for the walk was seven seconds. She also testified that at the time she started to cross the street defendant's automobile was at least 150 yards away. On the basis of this experimental evidence plaintiff argues that the jury could find that defendant was travelling at a rate of 45 miles per hour. It will be noted that the results of these experiments do not establish defendant's speed as an "incontrovertible physical fact." Any conclusion made is necessarily based upon estimates both as to the time which plaintiff walked after first observing defendant's car and as to her distance from the car at the time she first saw it. *Sage v. Royce,* 223 Or 590, 354 P2d 295 (1960). *Cameron v. Columbia Bldrs., Inc. et al.,* 212 Or 388, 395, 320 P2d 251 (1958); *Hopfer v. Staud,* 207 Or 487, 492-93, 298 P2d 186 (1956); *Van Zandt v. Goodman et al.,* 181 Or 80, 93-95, 179 P2d 724 (1947) and authorities therein cited.

Plaintiff adds this speculation as to speed to the weak inference that defendant may have failed to keep

a proper lookout in attempting to make out a case of reckless conduct. The evidence is patently insufficient to satisfy the definition of reckless conduct set out in *Williamson v. McKenna*, 223 Or 366, 354 P2d 56 (1960).

The judgment is affirmed.