William D. HARRISON, Appellant,

v.

Fred GARNER, Appellee.

No. 221.

Supreme Court of Alaska.

March 22, 1963.

Robert A. Parrish, Fairbanks, for appellant.

William B. Emmal and Julian C. Rice, Rice & Emmal, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

AREND, Justice.

The basic question presented on this appeal by the plaintiff below from a judgment following a general verdict for the defendant is whether the evidence in the case justified the trial court in giving an instruction on unavoidable accident.

The facts of the case are simple. In the late afternoon of June 19, 1960, the defendant-appellee was driving his Edsel car from Big Delta to Fairbanks over the Richardson Highway, a blacktop pavement road. With him as passengers were three co-workers, one of whom was the plaintiff-appellant riding in the back seat. At Mile 11 from Fairbanks, as the defendant was going into the last half of an inverted S curve (a maneuver which required him to veer to the left), one of the passengers commented that another car was coming up from behind, whereupon the defendant glanced back for a second in his rearview mirror at the approaching car to determine whether it was going to pass. That glance apparently was just one second too long, for, as the defendant himself testified, "And the next time I looked at the road * * * it was too late, I had driven the right rear wheel, caught in the soft shoulder, and threw the car side-wise in the road."

We gather from the record that as the defendant returned his gaze from the mirror back to the road ahead, he realized that he had come so close to the shoulder of the road that he had to make a quick turn to the left to avoid going off the pavement. This sudden turning of the front wheels to the left caused the right rear wheel to leave the road and drop down onto the soft shoulder and that, in turn, caused the entire car to turn sidewise, roll over several times and slide down the highway about two hundred feet before it

wound up on its wheels again in the lefthand ditch, facing back in the direction from which it had come.

The defendant was familiar with road conditions on the Richardson Highway as he had been over it several times before the accident. He knew that the shoulders were of gravel and about two or three inches lower than the "blacktopped" surface of the highway. While he could not fix his speed at the time the rear wheel went off the road and stated that he might or might not have been going fifty or fifty-five miles per hour, he did admit that he was driving at a sufficient speed to cause the car to swerve and turn over in the center of the road when the rear wheel went into the gravel.

There was no unusual condition in the surface of the road itself, no oncoming traffic from the opposite direction, and nothing to disrupt the vision of the defendant. On cross-examination the defendant admitted that the driver of the car to the rear did nothing to cause him, the defendant, to go off the pavement.

Included among the instructions given to the jury at the conclusion of all the evidence were two on "mere accident" or "unavoidable accident." These instructions, which were properly objected to below and raised on appeal, were as follows:

"10 The mere fact that an accident happened, considered alone, does not as a rule permit the jury to draw the inference that the accident was caused by someone's negligence. Also the mere fact, if it is a fact, that it was possible for a person to avoid an accident he did not avoid, does not, of itself, justify a finding that he was negligent. If a person exercised ordinary care and did all that an ordinarily prudent person would have done in the circumstances to avoid an accident, he is not chargeable with negligence.

"11 [In part] The burden rests upon the plaintiff to prove by a preponderance of the evidence the elements of his damage, if any. The mere fact that an accident happened, considered alone, would not support a verdict for any particular sum.

■■ The evidence was such that the jury could have found that defendant's own lack of care created or brought about the situation where the accident became inevitable or unavoidable. In these circumstances the instructions on unavoidable accident were not warranted.[1] It was reversible error to give those instructions because their probable effect was to confuse and mislead the jury to plaintiff's prejudice.[2]

■ The defendant tries to distinguish some of the decisions cited by the plaintiff which struck down instructions on unavoidable accident, because the cases there under consideration involved fact situations requiring higher than ordinary standards of care, as where they involved paying passengers or public conveyances or were based on a statute requiring "highest degree of care."[3] We find no basis for such a distinction. Under whatever standard of care, where the giving of an instruction on unavoidable accident is in issue, the question of law for the trial court to decide is simply whether the record contains any evidence of an unavoidable accident, not occasioned in any way by negligence of the party requesting the instruction, so as to warrant the giving of the instruction.[4]

1. Kreh v. Trinkle, 185 Kan. 329, 343 P. 2d 213, 219 (1959); Leach v. Great Northern Ry., 139 Mont. 84, 360 P.2d 94, 98 (1961); Annot., 65 A.L.R.2d 12, 32–48, §§ 6–7 (1959).

2. Butigan v. Yellow Cab Co., 49 Cal.2d 652, 320 P.2d 500, 505–506, 65 A.L.R. 2d 1 (1958).

3. The cases mentioned in the text to which this footnote is referenced are: Butigan v. Yellow Cab Co., n. 2, supra; Burns v. Storchak, 331 Ill.App. 347, 73 N.E.2d 168 (1947); Kaley v. Huntley, 333 Mo. 771, 63 S.W.2d 21 (1933).

4. See cases cited in n. 1, supra.

We consider next the challenge of the plaintiff to a ruling of the trial court which denied his motion for a mistrial. During his examination at the trial the plaintiff was asked by counsel for the defendant whether he, the plaintiff, had not in his deposition taken prior to the trial stated that the defendant at the time of the accident was not driving recklessly and was not negligent. Objection was made to the question as calling for a conclusion of the witness which invaded the province of the jury. The objection was sustained and the court promptly gave the jury the following precautionary instruction:

"* * * I'll instruct the jury to disregard this last round of questioning as concerns the matter of negligence, the use of the word negligence. This is an ultimate issue for the jury to decide and that is the reason that I am so instructing you at this time."

The matter might have ended there except for the fact that later on in the examination counsel for the defendant directed plaintiff's attention to the complaint and asked:

"Q. Well sir,—in your Complaint, Mr. Harrison, filed for you by your attorney, in paragraph 2 thereof, you say that 'on said day at the hour of approximately seven p. m., by reason of negligence, gross negligence, and carelessness, the defendant lost control of the vehicle'. Now sir, if you didn't look at the shoulder of the road, and you didn't know how fast the car was going, and you didn't recognize any erratic driving, what is the basis for your charge of gross negligence?"

The same objection was registered by the plaintiff as on the previous occasion when he was examined about statements he had made in his deposition concerning negligence. This time, however, he went further and asked the court to declare a mistrial, claiming that the persistence of counsel in examining him in a forbidden field was prejudicial. The objection was sustained but a mistrial was denied.

■ Since the questions objected to were never answered, the prejudice, if any, must have resulted from the substance of the questions and the inferences of no negligence which the jury might have drawn therefrom. The plaintiff admits what we hold the law to be, that a trial court has a wide discretion in deciding whether a mistrial should be declared and commits error only if it abuses that discretion,[5] but he argues that in the case at bar "the only reason for again inquiring of appellant [plaintiff] his opinion of negligence would be to prejudice appellant and his counsel." Counsel for defendant, on the other hand, contends that the question as asked on the second occasion called for a factual answer and not for an opinion or conclusion. Perhaps in his own mind defendant's counsel was truly seeking to learn only the facts on which the plaintiff based his allegations of "negligence, gross negligence and carelessness"; nevertheless we consider the question in the form in which it was presented to the plaintiff to have been fraught with suggestion and inference that plaintiff's action was not brought in good faith.[6]

Of course, the trial court was in a better position than we are now to determine whether the manifest purpose and effect of the question was to prejudice the jury. As the case has to be remanded for a new trial on other grounds previously discussed, we need not determine whether the motion for mistrial should have been granted.

One last issue raised by the plaintiff is that the defendant as appellee designated

5. Guedon v. Rooney, 160 Or. 621, 87 P.2d 209, 219, 120 A.L.R. 1298 (1939).

6. In a most recent case we held that repeated questions and argument by counsel for the defendant pertaining to the fact that the injured plaintiff had made application for workmen's compensation benefits so prejudiced plaintiff's case before the jury that a new trial should be granted. See Ridgeway v. North Star Terminal & Stevedoring Co., Opinion No. 128, 378 P.2d 647 (Alaska 1963).

portions of the record to be sent up on appeal which were in addition to those designated by plaintiff and were wholly unnecessary for determination of the appeal. Since the plaintiff, as appellant has prevailed in this court, the issue may resolve itself.

For the reasons assigned, the judgment appealed from is reversed and the cause remanded for proceedings not inconsistent with this opinion.