Lois EVANS, Appellant,

v.

Carl A. BUCHNER, Appellee.

No. 318.

Supreme Court of Alaska.

Nov. 21, 1963.

Robert A. Parrish, Fairbanks, for appellant.

Charles J. Clasby, Collins & Clasby, Fairbanks, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

NESBETT, Chief Justice.

Appellant and appellee became acquainted in a Fairbanks night club at about 4:00

a. m. on June 30, 1961. When the night club closed at 5:00 a. m., they decided to motor to the Aurora Lodge on the Richardson Highway for breakfast. Appellee was driving a Hillman Minx automobile he had borrowed for the evening. Appellant occupied the front seat with him. Friends were accompanying them in another automobile.

Appellee passed the automobile in which their friends were riding, and at or about the time he was attempting to pass another automobile, and while in the passing lane, appellee's attention was attracted by the falling of an object from the glove compartment of his automobile. As he reached for the object, which was on the floor on the passenger's side, appellee's left wheels went into the gravel on the shoulder of the road. Appellee's efforts to return to the blacktop failed, the car skidded, rolled over and came to rest right side up in a ditch.

Appellee testified that the shoulders of the roadway were "not too wide", that the macadam was not smooth and that although the highway curved slightly to the right he could see around the curve.

The jury rendered a verdict against appellant in her suit for damages for injuries sustained by reason of appellee's negligence.

Appellant's first claim is that the trial court erred in not granting her motion for a judgment of liability at the close of the evidence. Appellant relies upon what she conceives to be the rule of Rogers v. Dubiel [1] in order to sustain her position.

The facts of Dubiel are so dissimilar to those of the case before us that it has no application.

■ Unlike Dubiel, the roadway here was not in a condition hazardous to safe driving; there was no question but that appellee was able to leave his lane of traffic and occupy the oncoming lane without endangering the safety of others using that lane or the balance of the roadway; appellee's driving did not result in injury to others occupying the roadway; appellant was in a position to observe most of the driver's actions and describe them to the jury; the injuries resulted, not from the fact that the driver had departed his lane of traffic when he could not safely do so, but because the automobile left the roadway entirely and overturned. The trial court was correct in refusing to instruct on the rule of Dubiel.

As an alternative, appellant argues that if Dubiel is not controlling, the doctrine of res ipsa loquitur is, and that a directed judgment of liability should nevertheless have been granted.

■ We do not agree. The doctrine of res ipsa loquitur was not applicable. The evidence, taken as a whole, placed before the jury a fairly complete description of how the automobile was operated. Appellee explained to the best of his recollection everything that occurred prior to the overturning. Whether his explanations were adequate to absolve him of negligence was a question for the jury to determine.

Appellant next contends that the court erred in giving an instruction on assumption of risk, which had been pleaded as an affirmative defense, when no evidence had been introduced in support of the defense.

■ We have reviewed the evidence with care and find that appellant's position is well taken. Instruction No. 9 on assumption of risk should not have been given.

■ The general rule is that the defense of assumption of risk is not applicable unless the facts which create a dangerous condition or situation are known and the danger itself comprehended by the person against whom the defense is being exerted.[2]

In the case before us appellee had never before driven a Hillman Minx automobile,

1. No. 94, 373 P.2d 295 (Alaska 1962).

2. Hay v. Nance, 14 Alaska 625, 639, 119 F.Supp. 763, 771 (D.Alaska 1954).

but there is nothing in the record to indicate that appellant was aware of that fact, or that it created a particular danger under the circumstances. There was no evidence that appellee was under the influence of liquor. He was asked by counsel for appellant if he was intoxicated at the time he got in the car and replied that in his opinion he was not. Neither counsel pursued this subject further. Aside from a few questions asked on cross-examination, appellee was never examined by his own counsel. Appellant testified that there was nothing unusual about appellee's driving prior to the accident and that she did not know how the accident occurred. There was no conflict in the testimony of the key witnesses as to events leading up to the accident. No serious attempt to develop the facts concerning negligence or the affirmative defenses appears to have been made.

■ Assumption of risk is an affirmative defense.[3] The burden of proving it by a preponderance of the evidence rested upon the appellee in this case.[4] Since the record contained no factual evidence from which the jury could have inferred that it was dangerous for appellant to have ridden with appellee and that she was aware of these facts and comprehended the danger, it was error to give the instruction.

■ The question of negligence was a close one. The court not only gave an instruction on assumption of risk when none was called for, but the instruction given was incomplete in that it failed to instruct the jury that the burden of establishing the defense by a preponderance of the evidence rested upon appellee.[5] The compounded error may very well have influenced the jury to a verdict.

The judgment below is set aside and the cause remanded for a new trial.

3. Civ.R. 8(c).

4. Civ.R. 51(b) (5); cf. Ridgeway v. North Star Terminal & Stevedoring Co., No. 128, 378 P.2d 647, 651 (Alaska 1963).