**Ed SCHENDERLINE and Shirley Schenderline, Appellants,**

v.

**Floyd A. ROBERTSON, Appellee.**

**No. 459.**

Supreme Court of Alaska.

July 27, 1964.

James K. Tallman, Anchorage, for appellants.

Charles E. Tulin, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

Appellants hired appellee to haul a house trailer from Billings, Montana to Anchorage, Alaska. When appellee delivered the trailer in Anchorage the body was split, a panel was missing and certain interior damage had been sustained. The cost of repairs was estimated at $2,500. Appellants brought this action for damages claiming that the injury to the trailer was the result of appellee's negligence. The court found that while the trailer had been damaged in the course of hauling, the damage

was not due to any negligence on the part of appellee. Judgment was entered for appellee and appellants brought this appeal.

■ Appellants contend that the court erred in not finding that appellee was a common carrier and therefore liable as an insurer for the damage to their trailer. An essential characteristic of a common carrier is a willingness to serve the public generally within the limits of the carrier's operations and facilities.[1] Proof of that characteristic is missing here. The evidence shows that appellee was in the business of hauling trailers only for Melody Trailer Sales and no one else, and that he had agreed to haul appellants' trailer after they had been referred to him by Melody. There was no evidence that appellee undertook to serve the public generally—that within the limits of his operations he was available to everyone who desired his service.[2] The trial judge did not err in finding that appellee was not a common carrier.

Appellant argues that the negligence of appellee was established as a matter of law under the doctrine of res ipsa loquitur, since the trailer was damaged while in appellee's custody and the cause of the damage was unexplained.

The evidence discloses that before appellee undertook to haul the trailer from Montana to Alaska, he checked it to see if it was in proper condition to make the trip. In the course of his inspection appellee discovered that a shackle had been broken and that the frame was crushed or crumpled. The shackle was welded and the frame reinforced at a machine shop in Billings, with the approval of relatives of appellants who had been caring for the trailer in Billings and who were apparently authorized to make sure the trailer was ready for transport.

After the repairs had been made, appellee and his driving partner left Billings for Anchorage with the trailer in tow. Appellee testified that they drove carefully, that the road was in normal condition and that they encountered no unusual swells or bumps. His driving partner also so testified. Appellee stated that he first noticed that the frame was weakening again when they got to Teslin in Yukon Territory. He stated that it was crushing but had not yet broken. Repairs were made at Teslin but they turned out to be inadequate, and about 60 miles further on at Squanga Lake more work was done to strengthen the frame. According to appellee the house of the trailer was damaged before he reached Teslin because of the crushing of the frame.

There was further testimony to the effect that the wheels on the trailer were moved back at Tok Junction in order to take the strain off the crushed portion of the frame, that the moving of the wheels would tend to prevent the trailer from breaking in two, and that moving the wheels did bend the box of the trailer back into place.

■ The evidence presents a quite complete account of how the damage occurred, and was such as to justify the trial court in finding that the damage was not due to any negligence on the part of appellee. The doctrine of res ipsa loquitur was not applicable.[3]

Appellants argue that appellee is liable for the damage to their trailer because he undertook to haul it to Anchorage without having complied with certain statutes and regulations pertaining to carriers operating on the public highways of Alaska. The main point of appellants' argument is that because appellee failed to comply with a regulation calling for cargo insurance, he

1. Alaska Air Transp. v. Alaska Airplane Charter Co., 72 F.Supp. 609, 610–611, 11 Alaska 372 (D.Alaska 1947).

2. See Alaska Air Transp. v. Alaska Airplane Charter Co., supra note 1, 72 F. Supp. at 611.

3. Evans v. Buchner, 386 P.2d 836, 837 (Alaska 1963).

should be liable for all damages not covered by insurance.

The question of whether appellee was one of the types of carriers subject to the provisions of the Alaska Motor Freight Carrier Act and the regulations of the Public Service Commission [4] was never gone into in the court below to the place where the trial judge had any adequately defined issue to pass upon. Appellants merely touched upon the point in a somewhat cursory way and then went no further. Since this matter was not properly made an issue in the trial court, we shall not consider it on appeal.[5]

The judgment is affirmed.

4. AS 42.10.010–.430.

5. Lumbermens Mut. Cas. Co. v. Continental Cas. Co., 387 P.2d 104, 112 (Alaska 1963).