Rudy MALLONEE, Appellant,

v.

Edwin FINCH, Appellee.

No. 570.

Supreme Court of Alaska.

April 15, 1966.

Robert A. Parrish and Karl L. Walter, Jr., Fairbanks, for appellant.

James J. Delaney, Jr., Delaney, Wiles, Moore & Hayes, Anchorage, for appellee.

Before NESBETT, C. J., and DIMOND and RABINOWITZ, JJ.

RABINOWITZ, Justice.

Appellant, while a passenger in a motor vehicle, was injured when appellee's vehicle collided with the rear end of the vehicle in which appellant was riding. After a three week trial, a superior court jury returned a verdict in appellee's favor. We have concluded that the verdict and judgment entered pursuant thereto should be affirmed.

■ Appellant's first contention in this appeal is that appellee was negligent as a matter of law and that therefore the trial court erred in refusing to grant his motion for a directed verdict and subsequent motion for judgment n. o. v. or in the alternative for a new trial.[1] In resolving these contentions, we view the evidence in the light most favorable to the party against whom the motions were made,[2] and from such evidence and the inferences reasonably to be drawn therefrom determine whether a verdict might have been returned in his favor. Applying this standard of review to the evidence in this case, we are of the opinion that a jury question existed as to whether or not appellee negligently operated his motor vehicle at the time in question.[3]

In denying appellant's motion for a directed verdict, the trial court first alluded to this court's decision in McCoy v. Alaska Brick Co.,[4] and then stated:

* * * I view the evidence as permitting reasonable minded men to reach only one conclusion, and that it was due—the accident was due to the negligence of the defendant in this case. However, I believe under this Court decision [McCoy v. Alaska Brick Co.] that I cannot direct a verdict. Perhaps fair-minded men might consider that seven seconds wasn't enough time. There are too many facets of it for a Trial Court, I think, to try to make a decision.[5]

The accident occurred on March 13, 1962, at approximately 6:30 p. m. on 27th Avenue, in Spenard near Anchorage, Alaska. The degree of darkness at that hour necessitated the use of headlights. At the time in question the surface of 27th Avenue was covered with either packed snow or glare ice. In the area of the point of impact, the width of 27th Avenue was described as wide enough for two cars and an additional two feet or twenty feet in width.

1. As part of this argument, appellant also asserts that the jury's verdict was contrary to the weight of the evidence and therefore he should have been granted a new trial.

2. Otis Elevator Co. v. McLaney, 406 P.2d 7, 10 (Alaska 1965).

3. Crawford v. Rogers, 406 P.2d 189 (Alaska 1965); Otis Elevator Co. v. McLaney, supra note 2, at 10; McCoy v. Alaska Brick Co., 389 P.2d 1009–1010 (Alaska 1964); Evans v. Buchner, 386 P.2d 836 (Alaska 1963); Snipes v. March, 378 P.2d 827 (Alaska 1963).

4. Supra note 3.

5. In conclusion to the above, the trial judge, rather pessimistically, stated that: Regardless of the rules, I think the Supreme Court has by decisions, practically taken the power from us to direct verdicts in these personal injury cases of this type. Motion for directed verdict is therefore denied.

Appellee's account of what transpired on the evening in question was as follows:

As I turned into 27th Avenue, I noticed a vehicle [the pickup in which appellant was riding] quite a ways up the street ahead of me traveling in the same direction I was. After I got established on 27th I saw a pedestrian on my right walking towards me. The roadway was narrow with snow berms on the side and the pedestrian was walking in the roadway. I veered to the left to go around the pedestrian. Immediately afterwards there was a car approaching me from the other direction. I turned back into my own lane of traffic after avoiding the pedestrian to give the oncoming car plenty of room, as much as I could, when I noticed that this pickup truck had stopped. I immedaitely did all I could to try to get my car to stop but the roadway being extremely icy I couldn't stop and I slid into the back of the pickup.[6]

After giving this testimony, appellee was asked by his counsel if he could state whether or not he noticed any brake lights showing on the parked pickup truck. Appellee answered, "I don't remember any, no, sir."

The evidence further establishes that the 1955 Chevrolet ½ ton pickup in which appellant was riding was stopped for a period of from five to ten seconds before the collision occurred. William Johnston, the driver of the pickup, had stopped his vehicle to let another passenger out. The location at which Johnston had stopped was approximately at the mid point of 27th Avenue (200 yards from the intersection of 27th Avenue and Minnesota) which was a street of three blocks in total length. Johnston had parked his vehicle in the traveled portion of the south lane (the eastbound traffic lane) about five to eight feet from the snow berm located on the right-hand side of the street. Due to the manner in which the pickup had been parked, there was room for only one vehicle to pass. Thus, a vehicle traveling in an easterly direction on 27th Avenue (the direction of travel of appellee's vehicle prior to impact) would have had to enter the westbound traffic lane of 27th Avenue in order to pass the parked vehicle from the rear.

Appellant's own evidence established that just prior to the collision there was an oncoming vehicle (in the westbound lane of 27th Avenue) immediately adjacent to Johnston's pickup which was parked at least partially in the eastbound lane of traffic.

The record further discloses that just before the impact appellee had been traveling at fifteen miles per hour in an easterly direction on 27th Avenue.[7] Prior to impact the vehicle in which appellant was a passenger had been traveling from fifteen to twenty miles per hour in an easterly direction on 27th Avenue.

Viewing the evidence and reasonable inferences therefrom in the light most favorable to appellee, we are of the opinion that the trial court was correct in its conclusion that fair-minded jurors could reasonably differ on the issue of appellee's negligence. We are of the further view that the trial court's reliance on McCoy v. Alaska Brick Co.[8] was appropriate in light of the circumstances disclosed by the record.

From the evidence adduced, the jury could have reasonably found that on the evening in question the surface condition of 27th Avenue consisted of either hard packed snow or glare ice; that prior

---

6. Appellee also testified:
 Well I realized, of course, that the road surface was extremely slippery, and that, well, as I call it, braking action would be practically nothing. I tried to turn to the right into the berm on the side of the road and the berm was frozen so hard that I couldn't turn into it. I then applied my brakes fully to—as a last resort to try to stop and I slid into the back of the pickup.

7. At the trial it was established that it would take a vehicle 7⅓ seconds to travel 150 feet at a speed of 15 miles per hour.

8. Supra note 3.

to impact appellee had observed the pickup traveling at approximately the same fifteen mile per hour speed as he was in an easterly direction on 27th Avenue; that at a point approximately 150 feet behind the pickup (to the west of the pickup) appellee encountered a pedestrian walking in the eastbound lane of traffic; that as appellee veered to pass the pedestrian (entering the westbound traffic lane to do so) he was confronted by the headlights and presence of an oncoming vehicle in the westbound lane of traffic; that appellee then turned back into his (eastbound) lane of traffic and at this point for the first time observed that the pickup ahead of him was not moving.

The jury could have further found from the evidence that the brake lights of the pickup were not on prior to impact; that immediately prior to the time of the collision appellee was confronted by a second oncoming vehicle's headlights (coming towards him in the westerly lane of traffic); that just before the collision the location of this second oncoming vehicle was approximately alongside of the parked pickup. The jury could have also found that the pickup had been stopped for only five seconds prior to impact and was

parked in such a manner that appellee could have passed it only by entering the westbound lane of traffic.[9]

From these circumstances we are of the opinion that a jury question was presented as to whether or not appellee was negligent in regard to when he should have first observed that the pickup was stopped in his lane of traffic, and whether he was negligent in the manner in which he had operated his vehicle immediately prior to the collision. Under our decision in McCoy v. Alaska Brick Co.,[10] we hold that the trial court ruled correctly as a matter of law in denying appellant's motions for a directed verdict and for judgment n. o. v.[11]

As was indicated earlier appellant also contends that the trial court erred in not granting him a new trial on the ground that the jury's verdict was contrary to the clear weight of the evidence. Unlike a motion for directed verdict or judgment n. o. v., this issue involves the trial judge's discretion.[12] Upon those portions of the record referred to above, we are of the opinion that "there was an evidentiary basis for the jury's decisions,"[13] and therefore cannot find that the trial judge clearly abused his discretion in denying appellant's motion for a new trial.[14]

9. This opinion's version of the evidence adduced is admittedly truncated. The record also presents conflicting versions of the events which occurred within a matter of a few seconds.

10. Supra note 3. Compare also the following cases in which we held that the factual situations presented jury questions as to the issues of negligence or contributory negligence: Crawford v. Rogers, supra note 3; Saslow v. Rexford, 395 P.2d 36 (Alaska 1964); Evans v. Buchner, supra note 3; Snipes v. March, supra note 3.

11. In his instructions to the jury, the trial court properly instructed the jury as to the effect of a violation of a highway regulation in the event they concluded appellee had in fact violated a highway regulation. The court's instructions correctly embodied the standard adopted in Rogers v. Dubiel, 373 P.2d 295 (Alaska 1962). Appellant contended

that 13 Alaska Adm.Code §§ 97(a), 126 (a) (1959) were violated by appellee. On the other hand, appellee contended that the vehicle in which appellant was riding was parked in violation of the Anchorage City Ordinance § 19-123 and the Anchorage Municipal Code § 19-1. In our view these respective contentions presented jury questions which the trial court properly submitted to the jury under appropriate instructions.

12. For an able discussion of this distinction, see 5 Moore, Federal Practice §. 50.-03, at 2319-20 (2d ed. 1964); 6 Moore, Federal Practice § 59.08 [5], at 3814-21 (2d ed. 1965).

13. Olson v. McRae, 389 P.2d 576-577 (Alaska 1964).

14. Crawford v. Rogers, supra note 3; Olson v. McRae, supra note 13; Ahlstrom v. Cummings, 388 P.2d 261-262 (Alaska 1964).

Appellant's second contention in this appeal is that the trial court committed prejudicial error in rejecting his offer of proof relating to a purported admission of fault by the appellee. In regard to this contention, it is relevant to note William H. Johnston (the owner and the operator of the pickup in which appellant was a passenger) testified that shortly after the accident appellant came to his vehicle

and he says right off that he was sorry that—he was in—it was all his fault that he was in a hurry—drugstore to get some medicine for his wife.

Later during a recess in the trial proceedings, a conversation apparently took place in the courthouse hallway between appellee, Rudolph D. Mallonee (son of appellant), and William H. Johnston. As a result of this conversation, counsel for appellant made an offer of proof outside the hearing of the jurors. In regard to this offer of proof, William H. Johnston testified in part:

I asked him [appellee] what the reason was that they was fighting so hard—was it the insurance company or himself and he says, 'No, it's the insurance company.' He says that he knew that himself—that he was in the wrong himself, but he thought that Rudy was reaching for the moon.

Also as part of appellant's offer of proof appellant's son Rudolph D. Mallonee testified:

Bill [William H. Johnston] asked Mr. Finch whether or not it was Mr. Finch or the insurance company that was doing the fighting—of the case, I suppose he

meant. And Mr. Finch stated that he said he knew he was in the wrong but it was the insurance doing the fighting because they thought that you wanted too much money.

\* \* \* \* \* \*

He [Mr. Finch] says, \* \* \* 'I know I did the wrong thing there,' \* \* \* And that the insurance company was doing the fighting. \* \* \*

\* \* \* \* \* \*

He said he thought the insurance company thought he was shooting for the moon.

Appellant also called appellee as a witness during the presentation of his offer of proof. When questioned as to whether he made any such statements as quoted above, appellee answered, "No, sir, I don't remember stating any words to that effect, no sir." [15] At the conclusion of appellant's offer of proof, the trial court stated:

I don't want to get questions concerning insurance company in the trial of this case because there's a tendency to prejudice the minds of the jury.

■ We hold that the trial court did not commit error in denying appellant's offer of proof relating to appellee's purported mid-trial admission of fault.

■ An admission by a party in the form of an opinion that the accident was due to his own fault is receivable against him at trial.[16] Nevertheless, under the circumstances of this record we are of the opinion that the trial judge did not commit prejudicial error in rejecting appellant's offer of proof. The proffered admission

---

15. Later during appellee's testimony on the offer of proof, appellee flatly denied that he made any such statement.

16. IV Wigmore, Evidence § 1053(3) (3d ed. 1940), where the author states at 15:
The Opinion Rule \* \* \* does not limit the use of a party's admissions. The reason for that rule does not apply to a party's admissions. Moreover, every case presented in the allegations of peadings and witnesses includes both facts and inferences; hence, the opponent's admissions will naturally range over both facts and inferences without distinction \* \* \*. To extend the arbitrary trivialities of the Opinion Rule to parties' admissions would be the extreme of futility.
See also: McClure v. Miller, 229 Ind. 422, 98 N.E.2d 498, 504 (1951); McCormick, Evidence § 241, at 507–08 (1954). Compare Meyst v. East Fifth Ave. Serv., Inc., 401 P.2d 430 (Alaska 1965); Harrison v. Garner, 379 P.2d 948 (Alaska 1963).

of fault by appellee was so intricately connected with references to "the insurance company" that no intelligible excising of the references to insurance was possible. Considering this factor together with the potential prejudicial impact upon the jury; the circumstances under which the purported admission was elicited from appellee; appellee's denial of any such admission together with the resulting collateral implications of such denial; and the fact that the jury had before it William Johnston's testimony that appellee had stated the accident was his fault, we hold that no error was committed by the trial judge in excluding appellant's offer of proof. Even if we were to conclude that the trial court erred, in light of the cumulative nature of this evidence, we are of the opinion that its exclusion was harmless error.[17]

Appellant's final contention is that the trial court permitted counsel for appellee to make an improper final argument to the jury. In the course of counsel for appellee's final argument, he reached the point where he was discussing damages and specifically the element of appellant's claimed loss of earning power. At this point in his argument to the jury, appellee's counsel said:

You can't come back in then and undo an injustice to Mr. Finch, that I feel would be done to Mr. Finch if there was any sort of sizeable verdict in this case for a small bump on the head. *Would you want a judgment against you based on evidence such as that—a small bump on the head?* (Emphasis furnished.) [18]

The record then reflects that counsel for appellant moved to strike this statement and was overruled by the trial judge. In support of his assertion that this portion of counsel's final argument constituted reversible error, appellant states that the general rule in these circumstances is as follows:

"It has been recognized in many cases that the prejudice resulting from counsel's argument, in a civil case, urging the jurors to place themselves in the position of one of the litigants, * * * constituted reversible error." [19]

 Although we are of the opinion that the "golden rule" type of argument should not be permitted and is improper, we do not construe counsel's argument as urging the jury to disregard the evidence in arriving at their verdict.[20] Counsel's argument at the point in question was directed solely to the issue of damages. The record reflects that the jury deliberated for a considerable length of time before reaching its verdict in appellee's favor on the issue of liability.[21] Although counsel for appellee's statement borders upon an impermissible "golden rule" type of argument, we hold, in light of the circumstances alluded to, that the trial judge did not commit prejudicial error in overruling appellant's motion to strike.

The judgment below is affirmed.

---

17. Segal v. Cook, 329 F.2d 278, 280 (6th Cir. 1964); Otis Elevator Co. v. McLaney, supra note 2; Cameron v. Columbia Builders, Inc., 212 Or. 388, 320 P.2d 251, 254 (1958).

18. It is the emphasized portion of counsel's argument which appellant claims was prejudicial error.

19. Appellant quotes Annot., 70 A.L.R.2d 935, 937 (1960), for this statement of the general rule. Appellant also relies on Gulf Cas. Co. v. Archer, 118 S.W.2d 976, 980 (Tex.Civ.App.1938), where the court held the statement "do in this case as you would do if you were the plaintiff or the defendant" was prejudicial error. See also F. W. Woolworth Co. v. Wilson, 74 F.2d 439, 98 A.L.R. 681 (5th Cir. 1934); Fambrough v. Wagley, 140 Tex. 577, 169 S.W.2d 478 (1943).

20. Compare Sorsby v. Thom, 168 S.W.2d 873 (Tex.Civ.App.1943); Annot., 70 A.L.R.2d 935, 942–944 (1960).

21. The record discloses that the jury deliberated for a period of approximately three days before reaching a verdict. The record also shows that the jury requested, and the court permitted, a replay of the tape recording of all the testimony which had been adduced pertaining to liability.