Argued May 6, affirmed August 1, 1974

# SALMON, *Appellant, v.* MILLER, *Respondent.*

525 P2d 104

*Milo W. Pope* of Galbreath and Pope, Milton-Free-water, argued the cause and filed briefs for appellant.

*Steven H. Corey* and *George H. Corey* of Corey, Byler & Rew, Pendleton, argued the cause for respondent.

Before O'Connell, Chief Justice, and McAllister, Denecke, Holman, Tongue and Howell, Justices.

O'CONNELL, C. J.

This action was commenced by decedent's wife as personal representative, to recover those items of damage allowed under ORS 30.075.[①] Decedent was injured while riding as a guest in defendant's automobile. The amended complaint alleged gross negligence on the part of the defendant. A subsequent motion for leave to file amended pleadings, through which plaintiff intended to add a count alleging simple negligence, was denied by the court at the close of the evidence. The trial judge

---

[①] ORS 30.075 provides: "(1) Causes of action arising out of injuries to a person, caused by the wrongful act or omission of another, shall not abate upon the death of the injured person, and the personal representatives of the decedent may maintain an action against the wrongdoer, if the decedent might have maintained an action, had he lived, against the wrongdoer for an injury done by the same act or omission. The action shall be commenced within the limitations established in ORS 12.110 by the injured person himself and continued by his personal representatives under this section, or within three years by his personal representatives, if not commenced prior to death. Damages recoverable under this section shall not exceed $25,000, and shall be limited to reasonable expenses paid or incurred for doctor, hospital or nursing services for the deceased and for his loss of earnings.

"(2) In any such action if the plaintiff prevails, there shall be taxed and allowed to the plaintiff, as a part of the costs of the action, a reasonable amount to be fixed by the court as attorney fees for the prosecution of the action, if the court finds that the written demand for the payment of such claim was made on the defendant either in the form of an action filed or a letter 10 days before commencement of the action; provided, that no attorney fees shall be allowed to the plaintiff if the court finds that the defendant tendered to the plaintiff, at least 20 days before trial in an action that was pending at the death of the injured party, or otherwise prior to the commencement of the action, an amount not less than the damages awarded to the plaintiff."

Plaintiff did not contend that her husband died as a result of the injuries incurred by defendant's alleged negligence.

directed a verdict in favor of defendant. Plaintiff appeals.

■ Plaintiff presents two arguments on appeal. First, it is claimed that the motion for leave to amend should have been granted because ORS 30.115, Oregon's Guest Passenger Statute, is unconstitutional. We have considered and rejected this contention in *Duerst v. Limbocker*, 269 Or 252, 525 P2d 99 decided today.

Plaintiff's second contention is that the trial judge erred in directing a verdict in favor of defendant on the count alleging gross negligence. The evidence established that Homer and Millie Salmon were riding in defendant's pick-up truck, travelling south on Highway 11 to its intersection with Winn Road, where defendant made a left turn and collided with a vehicle travelling north within the northbound lane of traffic. Defendant told a police officer at the scene of the accident that he had slowed before making the turn and used his automatic turn signal, but that he failed to see the oncoming car. The road was dry and a considerable portion of Highway 11 south of the place of the accident was visible for 100 feet preceding the intersection. Photographs of defendant's vehicle show the sun visor on the driver's side in the down position, but the defendant claimed it was up prior to the accident.

Plaintiff's argument is essentially that considering defendant's opportunity to see the traffic moving on Highway 11 at the time he made his turn, defendant must have been more than ordinarily negligent.

■ Viewing the evidence most favorably to the plaintiff, we are of the opinion that the jury could not reasonably infer that defendant was grossly negligent

as defined by *Williamson v. McKenna.*[2]  At most, the jury could conclude that the defendant failed to maintain a proper lookout.  This is insufficient evidence of recklessness or gross negligence.[3]  We conclude, therefore, that the trial judge acted properly in granting defendant's motion for a directed verdict.

Judgment affirmed.

---

[2] 223 Or 366, 354 P2d 56 (1960).

[3] Bradfield v. Kammerrer, 225 Or 112, 357 P2d 278 (1960).