GEORGIA FLEMING, Appellant, v. EUNICE THORNTON, Appellee.

No. 41818.

NOVEMBER 21, 1933.

Lee, Steinberg & Walsh, for appellant.

C. A. Smedal, and Putnam, Putnam, Langdon & Fillmore, for appellee.

ALBERT, C. J.—Defendant was the owner and driver of the car involved herein; the plaintiff, who was her guest on the automobile trip in controversy, was her aunt. Defendant's car was a 1926 Model T Ford, which she purchased secondhand in August, 1930, and the accident occurred on the 12th day of September following.

The brakes on the car were defective and inefficient, which fact was known to the defendant at all times.

The defendant invited the plaintiff to go with her to her father's watermelon patch near Shipley, Iowa (a small town southwest of Nevada), where the defendant loaded in the back of her Ford twenty or twenty-five watermelons and some muskmelons, and from whence plaintiff was taken to defendant's home to make a visit. Defendant took a different road home from the one she traversed in going to the melon patch. This road was an open public highway, and at one place, for a distance of about 450 feet east of Indian creek, there was a steep grade uphill of 18½ per cent or 18½ feet in every one hundred. In attempting to negotiate this hill, and when about one-third of the way up, defendant's engine stalled and the car commenced to back downward, and defendant attempted to turn the car so as to back into the bank on the right-hand side of the road. In so doing the car turned over. Plaintiff's right hand was caught under the door and was permanently injured. This accident occurred at 2:30 o'clock in the afternoon, on a clear day, and defendant admits she could see the condition and character of this hill before she attempted to ascend it.

When the case was ready for the jury, the plaintiff asked two instructions. The substance of each is a request for a peremptory instruction to the jury that under the undisputed facts the defendant was guilty of recklessness as a matter of law. Both requests were refused and the plaintiff duly excepted. Plaintiff now assigns error for such refusal. There was no error in such refusal, as will be shown by the subsequent discussion in this opinion.

Plaintiff in her petition alleges the following grounds of negligence:

"1. The defendant was negligent and reckless in that she was driving a car which she knew was not equipped with efficient and effective brakes.

"2. The defendant was negligent and reckless in that she was driving said car upon a public highway and with full knowledge that the same was not equipped with effective and efficient brakes.

"3. The defendant was negligent in that she was driving a car which she knew was not equipped with efficient and effective brakes and she undertook to drive the same upon a poorly maintained highway and up a steep ascent.

"4. The defendant was negligent and reckless in that she was driving a car with which she was not familiar and undertook to drive the same while this plaintiff was riding therein over a highway that was poorly maintained and up a steep ascent with full knowledge that the car which she was driving did not have efficient and effective brakes.

"5. The defendant was negligent and reckless in that she was driving a car with which she was not familiar and undertook to drive the same while this plaintiff was riding therein over a highway that was poorly maintained, upon a steep ascent with full knowledge that the car which she was driving did not have efficient and effective brakes, and the defendant permitted the motor to stall upon said steep ascent."

 The court in its instructions submitted the case to the jury on the fourth and fifth allegations of negligence above set out. The plaintiff complains and assigns error because the court did not submit grounds of recklessness Nos. 1, 2, and 3, as above set out. All three of these grounds deal with the sole question of driving a car with the knowledge that the brakes were defective and inefficient. The fact that the brakes on a car may be defective and inefficient raises a question of negligence, but not necessarily a question of recklessness. In other words, if one drives a car with defective brakes it does not constitute recklessness as a matter of law, and therefore the court did not err in failing to submit these first three grounds alleged to be reckless.

 It will be noticed in reading these alleged grounds of recklessness that all the matters set up in grounds 1, 2, and 3, are also set up in grounds 4 and 5. Whether or not the matters set out in grounds 4 and 5 in fact constitute recklessness is not before us. The district court assumed that they did and submitted the same to the jury and the jury found for the defendant. This therefore forecloses any question as to the correctness of the instructions given.

 The court in its instructions followed substantially the rule as recognized and its definition laid down in the case of Siesseger v. Puth, 211 Iowa 775, 234 N. W. 540, but plaintiff insists that since the decision in that case, section 5028 has been amended, and therefore the definition of recklessness as laid down in Siesseger v. Puth is not now applicable.

The legislative enactment referred to is chapter 128 of the Acts of the Forty-third General Assembly. The provision of moment to us here is as follows:

"Section 5028 of the Code of 1927 is hereby amended and revised to read as follows:

" 'Any person who drives any motor vehicle upon a highway carelessly and heedlessly in willful or wanton disregard of the rights or safety of others, or without due caution and circumspection, or at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving, and upon conviction shall be punished. * * * ' "

Plaintiff argues her case on the theory that the last-quoted enactment of the legislature is an attempt to define "recklessness" and should be applied to that term when it is used in section 5026-b1, familiarly known as the "guest statute." This identical question was discussed and disposed of in the case of Neessen v. Armstrong, 213 Iowa 378, loc. cit. 386, 387, 239 N. W. 56, where we held that this last enactment of the legislature was a criminal statute and its terms were not intended to define the term "reckless operation" as used in section 5026-b1, or to repeal or modify that section and make it a dead letter. It follows from the above decision that the term "recklessness" as defined in Siesseger v. Puth still stands and is controlling in this case. The reason for the court's refusing to give the instruction asked for by the plaintiff is therefore apparent.

■ It is argued that it is reckless for one to attempt to operate a Model T Ford touring car, heavily loaded and containing a passenger, on a public highway, up an 18½ per cent grade, when the driver knows the car is not equipped with efficient brakes. As said in the first place, there is nothing in the record to show that the car was heavily loaded. Further than this, the fact that the defendant was attempting to operate her touring car while the same was not equipped with efficient brakes, at most, was only negligent and does not rise to a charge of recklessness. Further than this, it is to be remembered that this was a public highway, open for travel, and the fact that the grade was 18½ per cent would possibly be persuasive were the only question in the case that of negligence; but it cannot under the law be held to be reckless within the meaning of the statute.

As heretofore said, whether or not all of these alleged grounds

of negligence admitted to exist could be combined to make a question of fact for the jury on the question of recklessness we are not required to pass on, because the court did submit the case to the jury on that theory and plaintiff was defeated. It is rather doubtful whether the case should have gone to the jury in the first instance; but, in view of the fact that the court did send the case to the jury, the plaintiff got at least all she was entitled to, and if it was erroneous, the error was in her favor and she therefore cannot complain. The district court, therefore, did not err in refusing to submit to the jury the instructions requested by the plaintiff; neither did it err in refusing the motion in arrest of judgment and motion for a new trial. The instructions given substantially follow the allegations of the plaintiff's petition; hence plaintiff cannot complain.

We see no error in the record of which plaintiff can complain. —Affirmed.

EVANS, KINDIG, CLAUSSEN, and DONEGAN, JJ., concur.