George **WHARFF** and George Wharff, Administrator of the Estate of Susan E. Wharff, Deceased, Appellants,

v.

Marjorie E. **McBRIDE**, Moingona Girl Scouts Council of Central Iowa, Appellees.

No. 54207.

Supreme Court of Iowa.

Feb. 9, 1971.

Craig D. Warner of Whitfield, Musgrave, Selvy, Kelly & Eddy, Des Moines, for appellants.

Hopkins & Bump, Des Moines, for appellee McBride.

Kent M. Forney of Bradshaw, Fowler, Proctor & Fairgrave, Des Moines, for appellee Moingona Girl Scouts Council of Central Iowa.

MASON, Justice.

Plaintiff's appeal in this law action tried to a Polk county jury presents as the primary question for determination the status of plaintiff's decedent while riding in an automobile owned and operated by defendant Marjorie E. McBride.

The action was instituted by administrator to recover for the death of his 11-year-old daughter Susan E. Wharff who died as the result of injuries received in a one-car accident which occurred May 25, 1968. At the time Susan was a dues-paying member of Girl Scout troop 485 in Des Moines which is alleged to be a regularly established and operating subdivision of defendant Moingona Girl Scouts Council of Central Iowa. This defendant will be referred to when necessary as the Council. Although there are two plaintiffs named in the caption of this action, the matter was treated in the trial court as one brought by the administrator only.

Administrator alleges in one division of his petition specific acts of negligence as a basis for recovery against McBride and the Council, in another the doctrine of res ipsa loquitur. It is plaintiff's theory of pleading in these divisions, as we understand, that an agency existed between McBride and the Council at the time of the accident and such a definite and tangible benefit flowed to the Council as to remove plaintiff's decedent from the status of a guest in the McBride car and thus impose liability on the Council for the driver's alleged negligence.

In separate divisions administrator asks judgment against defendant McBride only. In one he alleges her specific acts of negligence were the proximate cause of his daughter's death and in the other he seeks judgment against this defendant under the doctrine of res ipsa loquitur.

Defendants' motions for directed verdict made at the close of plaintiff's evidence and renewed at the close of all evidence were overruled.

The court submitted the case to the jury on specific negligence and under the doctrine of res ipsa loquitur. They were instructed that if they found plaintiff could recover against McBride under either theory they should then determine whether recovery should be against McBride only or against both her and the Council.

In response to special interrogatories the jury found the estate was entitled to recover $10,000 for the conscious pain and

suffering of Susan Wharff between the time of the accident and her death. In answer to another interrogatory they found the estate was entitled to recover $1895.95 for damages sustained by virtue of her death. The latter amount is alleged to be the cost of necessary hospital and medical attention for decedent following the accident and the cost of her funeral. She had a life expectancy of 54.58 years. Judgment was entered against both defendants for $11,895.95.

Plaintiff moved for new trial asserting the jury's verdict was contrary to the law set forth in the court's instruction on damages and to the evidence relative to the loss of decedent's estate. He contended that in the interest of justice a new trial, limited to the issues of damages, should be granted since the verdict failed to administer substantial justice.

Both defendants moved for judgment notwithstanding the verdict. The court sustained the motions on the basis the evidence was insufficient to warrant a finding defendant McBride was an agent or employee of defendant Council and insufficient to overcome the presumption plaintiff's decedent was a guest in the car driven by defendant McBride. It also ruled evidence of a tangible benefit flowing to McBride was insufficient to warrant a jury finding that decedent was not a guest in the McBride car. Other grounds urged by defendants in support of their motions which were not disposed of in the court's ruling on the question of agency and the guest statute were overruled. Thus, it was the court's position no ruling was necessary on plaintiff's motion for new trial.

The facts are not in serious dispute. Decedent, Susan Wharff, and Mrs. McBride's twin daughters were members of the same Girl Scout troop which was under the jurisdiction of defendant Council. Troop members planned to take an outing or trip from Des Moines to Ledges State Park near Boone on May 25, 1968 to provide the girls with an outing and to further their scout training. These trips are part of the Council's program but are autonomously planned by the troop members with the Council having little or no knowledge of such outings. The dues of 50 cents a month which each girl pays goes towards defraying costs of these outings but are not used to pay for transportation to and from any of these outings.

It should be noted in considering the case the Council is a nonprofit Iowa corporation recognized and approved by the Girl Scouts of the United States of America. The Girl Scouts of the United States of America is an organization chartered by an act of Congress and headquartered in New York City. The scout organization is based on volunteers with a small corp professional staff which makes general policies and procedures but apparently exercises no direct control over the activities of the various troops within the organization. This is especially true with respect to transportation of girls between city and camping ground activities.

Mrs. McBride had previously volunteered her services as a driver for the outing to Mrs. Krumrey, the troop leader. Mrs. McBride stated she felt she had moral obligation to be a driver in view of the fact her daughter had been driven several times by other parents to similar outings. Finally, it should be noted selection of a troop leader is usually done by the troop itself and is usually one of the parents who has a daughter in the troop. Evidence indicates the Council has nothing to do with selection of the troop leader. The leader is a volunteered position receiving no pay from any source.

The day of the outing Mrs. McBride went to a school parking lot about 8:30 a. m. as planned. It was then arranged that the troop leader drive the first car and Mrs. McBride follow in her car. The trip to the state park was uneventful. However, the stay at the park was cut short because of inclement weather. As a result, Mrs. Krumrey, the troop leader, instructed everyone to return to Des

Moines. The accident happened on this return trip when, for one reason or another which is not clear, the McBride car swerved out of control, went into the ditch, through a fence, and stopped in a field. Evidently, the car went over the embankment, the right front door flew open and plaintiff's decedent and one of the McBride girls were thrown from the car. They were found "hunched up" under the car behind the right front tire. The car had to be raised by jacks to free the girls. There were no objects found on the highway that could have caused the mishap, although the surface was possibly slick from rain. The mechanical condition of the McBride car before and after the accident was considered good. After the accident, Susan was brought to her parents home and immediately taken to the hospital where she died five hours later from her injuries.

Plaintiff asserts the court erred in (1) granting judgment notwithstanding on the basis of insufficient evidence to sustain a finding of agency between defendant McBride and defendant Council, (2) granting judgment notwithstanding on the basis of insufficient evidence to justify a jury finding of tangible benefit to Council, (3) granting such judgment on the basis of insufficient evidence to warrant a jury finding of tangible benefit to McBride and (4) failing to grant a new trial because of error in fixing the amount of recovery.

I. As pointed out under the theory of pleading employed, plaintiff seeks to recover against each defendant on the basis the proximate cause of Susan's injury and death was McBride's alleged negligence in the operation of her vehicle. In Divisions I and III the Council's liability for negligence is predicated on an alleged agency between it and McBride. Even if plaintiff succeeded in generating a jury question as to existence of an agency at the time of the accident, he still had the burden of establishing that his decedent was other than a guest while in McBride's

automobile as recovery for ordinary negligence would be barred under the guest statute. His second and third assignments of error thus present the primary question stated for determination.

Section 321.494, Iowa Code, 1966, provides:

"Guest statute. The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of intoxicating liquor or because of the reckless operation by him of such motor vehicle."

We have frequently said "* * * one who claims the guest statute is not applicable has the burden to prove his status was other than a guest. * * * [citing authorities] Not only does plaintiff have the burden to establish * * * [his decedent's status], the action being predicated upon negligence of the operator or owner, but there is a presumption, rebuttable, that she was a guest within the meaning of section 321.494. * * * [citing authorities]

" 'In Knutson v. Lurie, 217 Iowa 192, 195–197, 251 N.W. 147, 149, we held the occupant of an automobile driven by another is neither a guest nor mere invitee when he is riding therein (1) when performing his duties as a servant of the owner or operator of the car; or (2) for the definite and tangible benefit of the owner or operator; or (3) for the mutual, definite and tangible benefit of the owner or operator on the one hand, and of the occupant on the other. It has been cited many times upon this proposition. * * * [citing authorities] This enumeration is not exclusive, and setting it out is not meant to so indicate. Powers v. Hatcher, 257 Iowa 833, 836, 135 N.W.2d 114, 116.

" 'That case recognizes a fourth category, i. e., where the relationship between

operator and passenger is that of co-employees in furtherance of their employment in transportation as directed by their employer, they are not guest and host.

" 'One who rides in a motor vehicle for the definite and tangible benefit of the owner or operator is not a guest within the meaning of the guest statute and recovery for injuries suffered by such rider may be based on the negligence of the operator. * * * [citing authority].' " Jackson v. Brown, 164 N.W.2d 824, 826–827 (Iowa 1969).

Such benefits to the operator or owner as are incidental to hospitality, social relations, companionship or the like are not definite and tangible benefits as are contemplated by the rule. Nielsen v. Kohlstedt, 254 Iowa 470, 474, 117 N.W.2d 900, 903; Powers v. Hatcher, 257 Iowa 833, 837, 135 N.W.2d 114, 116.

Benefits to be received by the owner or operator need not be the only purpose or sole motivating factor in furnishing transportation, it need only be a substantial factor. Delay v. Kudart, 256 Iowa 523, 528, 128 N.W.2d 201, 204.

In Ritter v. Dexter, 250 Iowa 830, 836, 95 N.W.2d 280, 283 we said, "This requirement does not mean that the *taking of the trip* must be motivated by the expectation of receiving the benefit. It need only be shown that the *furnishing of transportation to the passenger* was motivated by such expectation. * * *." (emphasis in the original)

The benefit accruing to or conferred on the owner or operator, or as mentioned in Fessenden v. Smith, 255 Iowa 1170, 1175, 124 N.W.2d 554, 556 one standing in the position of the statutory requirement of "owner or operator," sufficient to take the person riding with him out of the guest statute must be material and tangible, flow from and depend on the transportation provided and be a substantial factor in motivating the furnish-

ing of the transportation. However, it is sufficient if such benefit comes not from the passenger himself but from a third person. See Nielsen v. Kohlstedt, 254 Iowa 470, 475, 117 N.W.2d 900, 903; Hessler v. Ford, 255 Iowa 1055, 1057, 125 N.W.2d 132, 133; Zwanziger v. Chicago & N. W. Ry. Co., 259 Iowa 14, 21, 141 N.W. 2d 568, 572.

The foregoing rules have been stated in several of our cases. The problem arises when we are called upon to determine whether given facts constitute such tangible benefit to the owner or operator or to one standing in the position of the statutory requirement of "owner or operator" by reason of an agency between the driver and the person in the statutory position as to create a jury question.

II. In Powers v. Hatcher, 257 Iowa at 836, 135 N.W.2d at 116 we said the enumeration of factual situations set out in Knutson v. Lurie, 217 Iowa at 195–197, 251 N.W. at 149 removing an occupant riding in an automobile from the guest statute was not exclusive. However in the present case plaintiff alleged in the division directed against McBride only that this defendant received a mutual, definite and tangible benefit by having Susan as a passenger in her automobile since Mrs. McBride was desirous of having her daughters make the trip involved. He further alleged McBridge's objective or purpose was attained. Consequently, she received a benefit. The case was tried on this theory.

He also argues in this court the motivation for the trip was the need Mrs. McBride had to satisfy the obligation she felt as a mother of girls in the scout troop to do her share of driving so the troop could carry out its activities and the members participate therein.

It is not necessary to decide whether the four fixed categories set out in Division I, supra, are exclusive. What we do decide, as defendant urges, is that plaintiff elected to proceed under the sec-

ond and third categories. As previously indicated, one requires that the occupant be riding in the vehicle for the definite and tangible benefit of the owner or operator, the other that such carriage be for the mutual, definite and tangible benefit of the owner or operator on the one hand and of the occupant on the other. Under either theory plaintiff has the burden to establish expectation of receiving the essential benefit was a substantial factor motivating the furnishing of transportation to the passenger. In determining whether plaintiff has carried this burden, intention of the parties in entering on the undertaking, their relationship and all circumstances surrounding the transaction are material. Livingston v. Schreckengost, 255 Iowa 1102, 1105, 125 N.W.2d 126, 128.

It is not for us to say whether the evidence proves the expectation of receiving the benefit was a substantial factor motivating Mrs. McBride in the furnishing of transportation to plaintiff's decedent, but whether the evidence makes a sufficient showing so as to warrant the trial court in submitting the question to the jury and to justify the jury in the exercise of its function as trier of the fact in finding such expectation was a substantial factor in furnishing the transportation. Our province is simply to examine the record to determine whether there is substantial support in the evidence for a factual finding of the required benefit.

Plaintiff contends the evidence provided a sufficient factual basis to support his argument that Mrs. McBride's need to satisfy her moral obligation to do her share by driving on the occasion was the motivating factor for the carriage. He points to the fact Mrs. McBride's daughters had been associated wtih scouting for approximately four years during which time they were taken on as many as a half dozen trips with other mothers driving as she expected. Mrs. McBride testified she was expected to drive from time to time on these trips and described her driving on this occasion as doing her

share in fulfillment of a moral obligation she felt would have been partially satisfied by her actually driving on the trip. In her own mind she had not done enough to help the scout troop and had rearranged her work schedule so that she might take the day off even though inconvenienced to some extent in making special arrangements.

In our quest for substantial support we view the evidence in the light most favorable to the plaintiff. Rule 344(f) (2), Rules of Civil Procedure.

■ There is no dispute concerning the purpose of the trip to Ledges State Park. It was to afford members of the scout troop with an outing and an opportunity to advance in scout work. It was not instigated by Mrs. McBride. There is no evidence plaintiff's decedent was in the McBride automobile at the urging of the owner as in some of our cases. Although not determinative, the object of the trip is an important circumstance for consideration in determining the motivating influence for decedent's presence in the McBride automobile. It does not aid plaintiff here.

■ In Zwanziger v. Chicago & N. W. Ry. Co., 259 Iowa at 23, 141 N.W.2d at 573, this court said there can be benefits to the individual that are not commercial or business in character. "Monetary gain to the driver, present in most cases, is not·a *sine qua non* to tangible benefit." Even though Mrs. McBride might be said to have received a benefit in the way of moral satisfaction for furnishing transportation for scout members in order that they might have the benefit of the outing, this was too indefinite and intangible to generate a jury question on decedent's status issue under the rule enunciated in our cases. The trial court's ruling as to defendant McBride was correct.

III. In the divisions directed against both the Council and McBride plaintiff alleged the purposes for existence of the

Council were furthered and fulfilled in conducting said outing and that the Council received a tangible benefit by having plaintiff's decedent as a participant in said outing and a passenger in the vehicle operated by defendants.

In connection with this allegation plaintiff argues that since the very reason for existence of the Council was to promote the girl scout program within this area, the carrying out of activities which are a part of that program is certainly a benefit to the Council. He maintains that if the Council were not to promote the girl scout program there would be no reason for it to exist thus the necessity for trips of this nature is the very life blood of the girl scouts. Plaintiff insists there was substantial evidence to justify a jury finding that the carriage of Susan tended to promote and was primarily for attainment of some object or purpose of the Council.

As explained, plaintiff had proceeded against only McBride in divisions II and IV of his petition on the theory there was such a definite and tangible benefit flowing to McBride, plaintiff's decedent was removed from the guest statute thus making McBride liable for ordinary negligence.

We have already determined any moral satisfaction Mrs. McBride expected to receive from driving on this occasion was too indefinite and intangible to be considered a substantial factor motivating the furnishing of the transportation. Ordinarily, since McBride who was primarily responsible for Susan's injury and death was not liable for ordinary negligence, the Council would not be liable even if an agency between the Council and McBride were established.

But in divisions I and III plaintiff proceeds against the Council and McBride on the theory there was such a definite and tangible benefit flowing only to the Council by having Susan participate in its activities that she would be removed from the guest statute insofar as the Council was concerned. Hence, it would be liable for ordinary negligence of its agent.

We must determine in the first instance whether plaintiff established his decedent was other than a guest before reaching the issue of agency. Much of what has been said earlier with reference to the burden of proving Susan was other than a guest in the McBride car applies to this contention.

Returning to plaintiff's argument summarized earlier in this division we agree a reason for the Council's existence was to promote the girl scout program in the area. But we disagree as to who was benefited by the girls participating in the activities. It seems clear the purpose of the organization's program is the development of the participants' character as future citizens.

In our opinion the benefit from the program flows to the girls rather than the organization. The outing involved was arranged for the girls' benefit so that they might advance in the program. Any such benefit the Council might attain by members participating in the activities provided does not constitute the definite and tangible benefit required to remove Susan from the status of a guest under our statute even if the Council's driver was proven to be its agent.

The trial court was correct in determining the evidence was insufficient to warrant the jury finding plaintiff's decedent was not a guest in defendant's automobile.

IV. In view of our conclusion we do not reach the question of agency urged in plaintiff's first assignment or the issue raised by his last assignment.

The case is therefore

Affirmed.

All Justices concur except BECKER, J., who dissents.