Argued February 9, affirmed March 24, petition for rehearing denied
April 26, 1977

HILL, *Appellant,*
*v.*
GARNER, *Respondent.*
(No. 6960, SC P-2459)
561 P2d 1016

Max S. Taggart, II, and Sanders, Lively & Wiswall, Springfield, filed briefs for appellant.

Duane Vergeer, Portland, argued the cause for respondent. With him on the brief were Thomas Sauberli, and Vergeer, Samuels, Roehr & Sweek, Portland.

Before Denecke, Chief Justice, and Holman, Tongue, Bryson, Lent, Linde, and Mengler, Justices.

BRYSON, J.

**BRYSON, J.**

Plaintiff, a guest passenger, brought this action against the driver of the motor vehicle in which she was riding to recover damages for personal injuries sustained by her in a two-car accident. At the close of evidence, defendant moved for a directed verdict on the ground that no evidence had been presented to prove defendant's guilt of gross negligence. Upon plaintiff's request, the case was submitted to the jury. ORS 18.140(2). The jury returned a verdict in favor of plaintiff. Thereafter defendant moved for judgment in favor of defendant notwithstanding the verdict, arguing that "the evidence was insufficient to submit the question of gross negligence to the jury and that the verdict is contrary to the evidence and not in accordance with the instructions." The trial court allowed the motion and entered judgment in defendant's favor, and plaintiff appeals.

■ Plaintiff states:

"The sole question on appeal is whether there was sufficient evidence to enable the jury to find the Defendant grossly negligent."

In her brief, plaintiff also attacks the constitutionality of the Oregon guest passenger statute, ORS 30.115. This court has recently held the statute constitutional. *Duerst v. Limbocker,* 269 Or 252, 525 P2d 99 (1974); *Salmon v. Miller,* 269 Or 267, 525 P2d 104 (1974); and *Jensen v. Spencer,* 269 Or 411, 525 P2d 153 (1974). Therefore, we do not consider plaintiff's assertions of unconstitutionality.

■■ A judgment n.o.v. ought not to be granted if there is any evidence to support the verdict. *Williamson v. McKenna,* 223 Or 366, 392, 354 P2d 56 (1960); *Austin v. Sisters of Charity,* 256 Or 179, 183, 470 P2d 939 (1970). In determining whether there was evidence to support the jury's finding that defendant's conduct constituted gross negligence, we review the evidence in the light most favorable to the plaintiff.

[ 643 ]

The accident occurred at approximately 7:45 a.m. on the highway connecting the cities of Parkdale and Hood River. At the time of the accident defendant and plaintiff were on their way to high school. The evidence reveals that defendant's 1962 Impala lost traction on "black ice" while negotiating a gentle right-hand turn, went out of control and struck an auto traveling in the opposite direction. Although the evidence concerning the condition of defendant's front tires and that describing the weather conditions at the time of the accident is disputed, the standard of review applicable in cases of this type compels us to find that defendant's tires were substantially bald; that the morning of the accident was cold and misty; and that the pavement was damp but, except for the site of the accident, not icy. Defendant also stated that he encountered some sleet as he was driving towards Hood River. Road conditions, however, were not so severe as to cause the highway crews to sand the highway.

Plaintiff has virtually no remembrance of the accident, having suffered nearly total amnesia with regard to the incident. Plaintiff did testify, however, that during those portions of the trip she did remember, the defendant exercised care in the operation of his vehicle:

"Q At any time during that morning did David [defendant] drive anything but carefully?
"A Yes, he did.
"Q You say he did drive carefully?
"A Yes he did.
"Q All right. Do you recall how fast you drove at any time during that short period?
"A He didn't drive fast."

Defendant testified that he was traveling between 35 and 40 miles per hour at the time of the accident. This testimony was corroborated by Mike Snodgrass, a friend of defendant. Defendant and Snodgrass had made arrangements the day before the accident that defendant would meet Snodgrass in Parkdale, follow him to the Dodge garage in Hood River, and then give

him a ride to the high school. Snodgrass testified that he had met defendant according to plan; that they had left Parkdale simultaneously, with Snodgrass in the lead; that he had maintained a speed of between 35 and 40 miles per hour; and that defendant had never passed him.

The evidence is uncontested that the "black ice" was not visible to drivers entering the curve, and that the drivers of the two vehicles which immediately preceded defendant's car into the curve also lost control of their vehicles. The first of the vehicles was a two-year-old 911T Porsche. The Porsche was equipped with studded radial tires and was traveling at approximately 40 miles per hour when it hit the ice, went out of control and crossed into the wrong lane of traffic. The second vehicle was the Dodge driven by Mike Snodgrass. This vehicle was equipped with treaded street tires in front and snow tires in the rear. It also was traveling at between 35 and 40 miles per hour at the time it lost traction and went out of control. Both vehicles had already passed through the curve and were out of sight when defendant's vehicle entered the curve.

Plaintiff offered the testimony of an accident reconstruction expert that the friction coefficient (traction) of defendant's vehicle was substantially less than that of a vehicle with properly treaded tires. Plaintiff's expert concluded that defendant could have negotiated the curve without incident at speeds up to 47 miles per hour if his tires had been in good condition. However, there was no evidence that the lack of tread on defendant's tires rendered his vehicle totally unsafe or uncontrollable.

ORS 30.115 prohibits actions by guests in the absence of proof that the accident was intentional or caused by the defendant's gross negligence or intoxication. ORS 30.115(2) defines gross negligence as follows:

" 'Gross negligence' refers to negligence which is

materially greater than the mere absence of reasonable care under the circumstances, and which is characterized by conscious indifference to or reckless disregard of the rights of others."

■ The elements of gross negligence under the statute have been discussed at length in two prior opinions, *Bottom v. McClain,* 260 Or 186, 489 P2d 940 (1971), and *Williamson v. McKenna,* 223 Or 336, 354 P2d 56 (1960). Nothing is to be gained by repeating those discussions here. We note only that in order to show gross negligence it is incumbent upon the plaintiff to prove that defendant's conduct, when measured objectively, reveals "a state of mind indicative of an indifference to the probable consequences of one's acts." This state of mind has been described as an "I don't care what happens" attitude. *Bottom v. McClain, supra* at 191-92. We find no evidence that plaintiff possessed such a state of mind.

■ Plaintiff would have this court look to defendant's conduct in deciding to drive to school, knowing as he did the condition of his tires and the weather, to determine whether or not any substantial evidence of gross negligence exists. Plaintiff cites *Layman v. Heard,* 156 Or 94, 66 P2d 492 (1937), for the proposition that driving in poor weather on bald tires is sufficient in and of itself to constitute gross negligence. We do not agree that driving on worn tires in cold and misty weather is sufficient, without more, to establish gross negligence.

In *Layman,* defendant encountered five or six icy places on the road prior to losing control of his vehicle and consistently ignored requests by his guests to slow down. Passengers in the vehicle testified that defendant was in an angry mood and actually seemed to drive faster when they requested that he slow down. Here there were no warnings or remonstrations as to defendant's driving by plaintiff, as in *Bottom v. McClain, supra.*

The evidence presented in the instant case reveals

that no icy spots were encountered, other than those at the scene of the accident, and that defendant was driving carefully and at a speed substantially under the posted speed limit. Although plaintiff cannot remember most of the events leading up to the accident, she did testify that defendant drove carefully and that he didn't drive fast. Furthermore, the evidence is conclusive that the "black ice" was not visible to drivers and completely unanticipated by those using the highway that morning. Under these facts, we conclude the court did not err in granting judgment in favor of the defendant n.o.v.

Affirmed.