Doran J. BEITZ, Appellant,

v.

Craig L. HORAK, and Larry Arnold Sandberg and Carol Nadine Sandberg d/b/a L & N Feed Co., Appellees.

No. 61012.

Supreme Court of Iowa.

Nov. 22, 1978.

Gerald J. Kucera, Cedar Rapids, for appellant.

James W. Crawford and Donna L. Paulsen, Cedar Rapids, for appellees.

REYNOLDSON, Chief Justice.

Plaintiff Doran J. Beitz, a passenger injured in a single-vehicle accident involving a truck owned by defendants Larry Arnold Sandberg and Carol Nadine Sandberg (L & N Feed Co.) and driven by defendant Craig L. Horak, appeals from judgment entered on a verdict directed against him. We affirm.

The truck in which plaintiff was riding jackknifed and went into a ditch near Alburnett on March 16, 1973.

Division I of Beitz's petition alleged Horak had prevailed on Beitz to ride with him on a 200-mile round trip to deliver corn for L & N. Defendants were alleged to have been negligent in various ways, including failure to have the tractor and trailer equipped with proper brakes, permitting Horak to drive the unit with improper and faulty brakes, failure to warn Beitz and failure to inspect and repair the brakes.

Division II alleged defendants were reckless in various particulars including "not having and keeping said semi-tractor semi-trailer [sic] under proper control when he well knew that said vehicle could not be safely operated with the appliances and equipment thereon in the then condition thereof."

Defendants' answer denied these allegations and affirmatively asserted Beitz was a guest in the truck within the meaning of the guest statute, § 321.494, The Code 1973.[1] The case proceeded to trial.

When Beitz rested, defendants moved for directed verdict on the grounds that the

---

1. Section 321.494, The Code, provides:

The owner or operator of a motor vehicle shall not be liable for any damages to any passenger or person riding in said motor vehicle as a guest or by invitation and not for hire unless damage is caused as a result of the driver of said motor vehicle being under the influence of an alcoholic beverage, a narcotic, hypnotic, or other drug, or any combination of such substances, or because of the reckless operation by him of such motor vehicle.

evidence disclosed plaintiff was a guest and Horak was not reckless. Resisting, Beitz argued there were factual questions for the jury as to whether he was a guest and whether Horak was reckless. Beitz also argued the guest statute was inapplicable because it denies equal protection and is void for vagueness.

Orally sustaining the motion, trial court held plaintiff (1) was a guest as a matter of law, (2) the guest statute was constitutional, and (3) Horak, as a matter of law, was not reckless.

The issues presented for appellate review are formulated from these three findings. We treat them in the divisions which follow.

■ I. Our scope of review is well-settled. A trial court ruling on a motion for directed verdict must view the evidence in the light most favorable to the party against whom the motion is urged. *Curran Hydraulic Corp. v. National-Ben Franklin Ins. Co.*, 261 N.W.2d 822, 823 (Iowa 1978). The movant is considered to have admitted the truth of all evidence offered by his adversary and every favorable inference which may be fairly and reasonably deduced from it. *B & B Asphalt Co. v. T. S. McShane Co.*, 242 N.W.2d 279, 284 (Iowa 1976). If there has been adduced substantial evidence in support of each element of plaintiff's cause of action, the motion should be overruled. *Oak Leaf Country Club, Inc. v. Wilson*, 257 N.W.2d 739, 744–45 (Iowa 1977).

We review trial court's ruling with these principles before us. The summary of evidence set out below is drafted to reflect those facts and inferences which favor Beitz.

Horak drove trucks for L & N on a regular basis. In 1972 he took a correspondence driving course which culminated in two weeks of actual driving instruction.

Beitz and Horak were lifelong acquaintances and residents of Alburnett. Beitz had ridden with Horak in L & N trucks on at least three occasions prior to the accident. L & N welcomed such passengers, apparently because they kept company with the drivers. Beitz knew this. Horak told Beitz he wanted Beitz along to visit with him.

On the evening of March 16, 1973, Beitz had just arrived home from work when Horak called. Horak asked Beitz to accompany him on a corn-hauling trip to Davenport. Beitz at first declined because he was tired, but agreed to go when Horak persisted and asked, "What's the matter, you chicken?"

The trip to Davenport and most of the return were uneventful. Beitz did not assist in unloading the trailer or provide any assistance other than his presence and social intercourse. At dinner separate checks were written, but Beitz paid both without explanation, offer, or request.

On the return leg of the journey it was raining lightly. Just outside Alburnett, Horak saw a friend standing in the ditch next to his car. Intending to help, Horak immediately and forcibly applied his brakes. As the trailer started to jackknife Horak said, "The darn trailer is jackknifed; the brakes are locked." Horak floored the accelerator and pulled the brake lever in an unsuccessful attempt to straighten the trailer. The cab and trailer slid into the ditch. Skid marks were left on the roadway. Although injured, Beitz helped Horak get out of the cab, then flagged down oncoming traffic.

Horak knew the trailer's brakes had not been functioning properly and had so informed L & N. Another L & N employee had been instructed to loosen the brakes, but no one had inspected this equipment before the Davenport trip. Another driver for L & N used the unit after the accident. The brakes also locked on him, almost causing another accident. From the evidence presented a jury could have found the accident was caused by the sudden application of defective brakes.

■ Many of our rules relating to Iowa's guest statute are summarized in *Wharff v. McBride*, 183 N.W.2d 700, 703–06 (Iowa 1971). Generally, a vehicle occupant other than the principal driver is not a guest if

she or he is providing the owner or operator some definite and tangible benefit. *Id.* at 703.

Beitz argues his presence in L & N's truck on this occasion was to keep Horak alert and awake and to provide assistance in event of emergency, which in fact became necessary during the course of this trip. This, he asserts, constituted the required definite and tangible benefit for Horak and L & N.

Beitz's contentions must be trimmed to fit the facts. There is no evidence Beitz was asked to go along to be of assistance in emergencies. The sole purpose any witness assigned for Beitz's presence in the truck was his conversation and company.

■ Such conversation and company, however, fall within the rule reiterated in *Wharff*: "Such benefits to the operator or owner as are incidental to hospitality, social relations, companionship or the like are not definite and tangible benefits." 183 N.W.2d at 704. See *Nielsen v. Kohlstedt*, 254 Iowa 470, 474, 117 N.W.2d 900, 903 (1962).

■ We hold *Wharff* controls this issue. Trial court was right in ruling Beitz was a guest as a matter of law.

II. Having reached this conclusion, we are required to examine Beitz's attack on the constitutionality of Iowa's guest statute. He asserts § 321.494 is unconstitutionally vague and denies equal protection in violation of the fifth and fourteenth amendments to the United States Constitution.

A. We first examine the issue of equal protection under the United States Constitution.

In *Keasling v. Thompson*, 217 N.W.2d 687 (Iowa 1974), and *Strauser v. Bryant*, 217 N.W.2d 706 (Iowa 1974), this court in five-to-four decisions upheld Iowa's guest statute against equal protection attacks. The majority relied in part on a 1929 opinion of the United States Supreme Court which held Connecticut's guest statute did not violate the equal protection clause of the fourteenth amendment. *Silver v. Silver*, 280 U.S. 117, 50 S.Ct. 57, 74 L.Ed. 221.

Although the Supreme Court's decision was posited on narrow grounds (the only classification validated was guests in automobiles vis-a-vis guests in other vehicles) the court since has not elected to analyze the question under modern equal protection concepts. Instead it has dismissed, without opinion and for want of a substantial federal question, appeals from three state court judgments upholding guest statutes against federal equal protection attacks. *Hill v. Garner*, 434 U.S. 989, 98 S.Ct. 623, 54 L.Ed.2d 486, dismissing appeal from 277 Or. 641, 561 P.2d 1016 (1977); *White v. Hughes*, 423 U.S. 805, 96 S.Ct. 15, 46 L.Ed.2d 26, dismissing appeal from 257 Ark. 627, 519 S.W.2d 70 (1975); *Cannon v. Oviatt*, 419 U.S. 810, 95 S.Ct. 24, 42 L.Ed.2d 37, dismissing appeal from 520 P.2d 883 (Utah 1974).

■ Our review of this issue is foreclosed by *Hicks v. Miranda*, 422 U.S. 332, 343–45, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223, 235–36 (1975), which holds that the court's summary dismissal of a 28 U.S.C. § 1257 appeal (from a state court decision presenting a federal constitutional issue) for want of a substantial federal question is a decision on the merits and binding on state and federal courts. See *Durham v. United States*, 401 U.S. 481, 483 n., 91 S.Ct. 858, 860, 28 L.Ed.2d 200, 203 (1971); *Rodriquez v. United States*, 395 U.S. 327, 329–30, 89 S.Ct. 1715, 1717, 23 L.Ed.2d 340, 344 (1969), for references to the obligatory nature of the court's jurisdiction in these cases.

The potential of the *Hicks* rule for short-circuiting meaningful analysis has been criticized. See *Sidle v. Majors*, 429 U.S. 945, 945, 97 S.Ct. 366, 366, 50 L.Ed.2d 316, 316 (Brennan, J., dissenting), denying cert. to 536 F.2d 1156 (7th Cir. 1976); *Colorado Springs Amusements v. Rizzo*, 428 U.S. 913, 913, 96 S.Ct. 3228, 3228, 49 L.Ed.2d 1222, 1222 (1976) (Brennan, J., dissenting), denying cert. to 524 F.2d 571 (3d Cir. 1975). However, it continues to vest these summary dismissals, reached "without any briefing or oral argument and with only momentary and offhanded Conference discussion," with

the precedential force of a Supreme Court opinion written after plenary consideration. *Sidle v. Majors,* 429 U.S. at 948, 97 S.Ct. at 368, 50 L.Ed.2d at 317. See *Neu v. Grant,* 548 F.2d 281, 284 (10th Cir. 1977).

■ Thus the Supreme Court's interpretation and application of the equal protection clause in the fourteenth amendment is binding upon this court. Applying the federal case law generated by the above summary dismissals as mandated by *Hicks,* we hold § 321.494 does not violate the equal protection clause of the fourteenth amendment.

Of course, if the issue is properly raised we are free to reach a different interpretation and application of the comparable clause in the Iowa Constitution, article I, § 6 ("All laws of a general nature shall have a uniform operation * * *."). See *Chicago Title Ins. Co. v. Huff,* 256 N.W.2d 17, 23 (Iowa 1977).

Other jurisdictions recently have struck down guest statutes as unconstitutional under the provisions of their state constitutions. See *Thompson v. Hagan,* 96 Idaho 19, 523 P.2d 1365 (1974); *Henry v. Bauder,* 213 Kan. 751, 518 P.2d 362 (1974); *Laakonen v. Eighth Judicial District Court,* 91 Nev. 506, 538 P.2d 574 (1975); *McGeehan v. Bunch,* 88 N.M. 308, 540 P.2d 238 (1975); *Primes v. Tyler,* 43 Ohio St.2d 195, 331 N.E.2d 723 (1975); *Nehring v. Russell,* 582 P.2d 67 (Wyo.1978).

■ In the case before us, however, Beitz never questioned the constitutionality of the guest statute under the Iowa Constitution. Under these circumstances we cannot review an issue which was not presented to trial court.

B. Beitz also argues our guest statute is void for vagueness under the fifth and fourteenth amendments.

■ Defendants on appeal assert the question of unconstitutionality was not raised timely. Although defendants asserted Beitz's guest status in their answer, Beitz was not required to reply. Rule 73, Rules of Civil Procedure. When the guest statute next was raised in the motion to direct verdict, Beitz promptly raised the issue of its unconstitutionality. Defendants also argue the issue was not raised with sufficient specificity in trial court. However, we note Beitz's statements to the court mentioned the fifth and fourteenth amendments, due process, and vagueness, coupled with the statement the guest statute "does not state exactly what a guest is." We find the issue was preserved.

■ A noncriminal statute must convey its meaning in sufficient, definite terms so that men of common intelligence need not guess at its meaning. *Millsap v. Cedar Rapids Civil Service Comm'n,* 249 N.W.2d 679, 684 (Iowa 1977). Beitz argues the word "guest" does not meet this standard. He points to our statement in *Keasling* and elsewhere that each case involving a guest statute question must be decided on its own facts. 217 N.W.2d at 697 (McCormick, J., dissenting). Because "guest" is not susceptible to a tidy definition, easily resolving each factual situation, Beitz reasons § 321.-494 is so vague it deprives persons of due process.

Vagueness challenges usually are directed to statutes which regulate conduct. See, e. g., *Millsap v. Cedar Rapids Civil Service Comm'n,* 249 N.W.2d at 684; *State v. Jaeger,* 249 N.W.2d 688, 691 (Iowa 1977); *State v. Williams,* 238 N.W.2d 302, 307–08 (Iowa 1976). In such statutes conduct falling outside acceptable areas ordinarily triggers some sort of sanction. *Id.* In this context the need for adequate notice of what conduct is regulated is apparent.

But the guest statute is not conduct-regulating in the traditional sense. We doubt that it significantly affects the daily decisions of drivers and passengers. To whatever extent § 321.494 affects those choices, it is minimally sufficient to put persons on notice. The basic concept of "guest" is well-settled by repeated judicial construction. Only when the term is applied in a myriad of marginal situations is uncertainty encountered. In those circumstances, however, the burden of caution may be placed on potential guests and hosts without vio-

lating the due process clause. See *Boyce Motor Lines v. United States,* 342 U.S. 337, 340 & n.6, 72 S.Ct. 329, 331, 96 L.Ed. 367, 371 (1952).

The decision we reach on this branch of the case is supported by decisions from other states upholding guest statutes against constitutional attacks based on asserted vagueness. *Mwijage v. Kipkemei,* 85 N.M. 360, 362, 512 P.2d 688, 690 (Ct.App.1973); *Naudzius v. Lahr,* 253 Mich. 216, 229, 234 N.W. 581, 585 (1931); *Stephan v. Proctor,* 235 Cal.App.2d 228, 231, 45 Cal.Rptr. 124, 126 (1965).

■■■ We hold § 321.494 is not so vague as to violate the fifth and fourteenth amendments.

III. In view of the determinations reached in divisions I and II, we now must decide whether Beitz was entitled to go to the jury under the recklessness exception incorporated in the guest statute.

Trial court agreed with defendants there was insufficient evidence of recklessness to submit division II to the jury. Beitz asserts continued operation of the 16,000-pound truck and trailer unit with knowledge of its defective brakes constituted recklessness.

At the threshold we note this guest statute exception to the owner's and driver's immunity from liability is based not on the owner's, but the driver's recklessness.

Defendants argue our decisions have held that operation of a vehicle with knowledge of defective equipment which poses a danger for a passenger cannot constitute recklessness within the meaning of the guest statute. They rely on *Pierce v. Seidl,* 204 N.W.2d 923, 925 (Iowa 1973), citing *Stanbery v. Johnson,* 218 Iowa 160, 165, 254 N.W. 303, 306 (1934), and *Fleming v. Thornton,* 217 Iowa 183, 185, 251 N.W. 158, 159 (1933). None of these cases involved a modern, heavy vehicle.

Beitz relies on three decisions from other jurisdictions holding such operation of large vehicles with such knowledge of defective brakes may constitute recklessness. *Nichols v. Baker,* 101 Ariz. 151, 416 P.2d 584 (1966); *Womack v. Preach,* 63 Ariz. 390, 163

P.2d 280 (1945); *Isaacson v. Boston, Worcester & N.Y. St. Ry. Co.,* 278 Mass. 378, 180 N.E. 118 (1932). None deals with a guest statute. Each case involved additional circumstances which were weighed on the side of a finding of recklessness. But the definitions of wanton negligence and willful, wanton and reckless conduct appearing in those cases are comparable to our definition of reckless operation of a motor vehicle under Iowa's guest statute: conduct manifesting complete disregard for or indifference to injurious consequences for the guest made probable by dangerous circumstances which are or should be known to the operator. See *Vipond v. Jergensen,* 260 Iowa 646, 650, 148 N.W.2d 598, 600–01 (1967); *Kauzlarich v. Fitzwater,* 255 Iowa 1067, 1069–70, 125 N.W.2d 205, 206 (1963).

■■■ Under this test we are unwilling to say there is no situation in which a driver who operates a vehicle with knowledge of defective brakes is being reckless for purposes of § 321.494. Any inference to the contrary in our previous cases should be disregarded.

In the "disregarded warning" cases we have noted a timely warning, when coupled with acts manifesting a complete disregard for the dangerous circumstances disclosed, is sufficient to raise a jury issue on recklessness. *Vogel v. Reeg,* 225 N.W.2d 132, 135–36 (Iowa 1975). We find no rational basis to distinguish a verbal warning of a dangerous condition and Horak's discovery, prior to this trip, that the trailer brakes were locking.

■■■ But the fact remains that Horak's subsequent conduct, as a matter of law, did not manifest complete disregard for or indifference to the danger posed by his discovery. The record is clear Horak did not disregard completely his prior knowledge of the defective brakes. Beitz's own evidence establishes Horak informed L & N of the defect and observed at least some repairs. There is no substantial evidence that Horak proceeded to operate the unit in complete disregard of or indifference to the danger.

Trial court did not err in ruling there was no substantial evidence from which the jury could find Horak operated the unit recklessly.

The judgment appealed from is affirmed.

AFFIRMED.

All Justices concur except LeGRAND, J., who concurs specially in the result and McCORMICK, J., who dissents from Division II(B) and the result.

McCORMICK, Justice (dissenting).

I dissent from division IIB and the result.

The legislature left the definition of guest status to the courts. Our decisions are replete with fortuitous exceptions which have destroyed the rationality of the concept. *Keasling v. Thompson*, 217 N.W.2d 687, 697–706 (Iowa 1974) (dissent). On this basis I would hold that, as applied here, the statute denies plaintiff due process on vagueness grounds.