**CRESTVIEW MANOR,**
Petitioner-Appellant-Cross-Appellee,

v.

**IOWA DEPARTMENT OF SOCIAL SERVICES,**
**Respondent-Appellee-Cross-Appellant.**

No. 2–62838.

Court of Appeals of Iowa.

Dec. 27, 1979.

Keith Van Doren, of Hemingway, Myers & Bottorff, Webster City, for appellant.

Thomas J. Miller, Atty. Gen. of Iowa, Stephen C. Robinson and George Cosson, Asst. Attys. Gen., for appellee.

Heard by OXBERGER, C. J., and DON-IELSON, SNELL, CARTER and JOHN-SON, JJ.

SNELL, Judge.

Petitioner appeals from that part of the judgment of the district court that affirmed respondent-agency's denial of reimbursement of interest payments incurred in the transfer of ownership of a nursing home facility from petitioner's mother to petitioner. Respondent-agency cross appeals from that part of the judgment that reversed respondent-agency's denial of reimbursement of depreciation expenses claimed for a

stepped-up basis in the nursing home facility as a result of the transfer of ownership.

■ The district court's scope of review was governed by section 17A.19, The Code 1979. We review the district court's decision pursuant to section 17A.20, The Code 1979. Our duty is to correct errors of law made by the district court. *Jackson County Public Hospital v. PERB*, 280 N.W.2d 426 (Iowa 1979); Iowa R.App.P. 4.

I. The district court determined that the interest was not a reimbursable expense since the interest was incurred for a loan not reasonably related to patient care and was to be paid to a lender who was personally related to the borrower. Thus, the district court opined that the interest was not "necessary" under 770 I.A.C. § 81.-6(11)(h)(2) (current version at 770 I.A.C. § 81.6(11)(k)(2)), or "proper" under 770 I.A.C. § 81.6(11)(h)(3) (current version at 770 I.A.C. § 81.6(11)(k)(3)). Respondent concedes that since the interest in this case was not "in excess of the amount an investor could receive on funds invested in the locality at the time the loan was made," 770 I.A.C. § 81.6(11)(h)(4) (current version at 770 I.A.C. § 81.6(11)(k)(4)), the relationship between the borrower and the lender is not controlling. Respondent relies solely on the contention that the interest was not "necessary" since it was not incurred on loan made for a purpose reasonably related to patient care.

Respondent asserts that the form of this transaction prohibits its consideration as being reasonably related to patient care. The essence of the transaction here was that petitioner purchased all of the stock of the corporation that had been operating the nursing home facility from his mother in a two-step process. The purchase price of the facility represented the fair market value of the facility. Petitioner then liquidated the corporation to form a sole proprietorship, continuing the corporate entity solely for the purpose of name retention. These were the findings of fact by the district court and the record substantially supports

those findings to the extent that we accept them as true. This type of transaction is sufficiently similar to that found acceptable in *Pacific Coast Medical Enterprises v. Califano*, 440 F.Supp. 296, 306 (C.D.Cal.1977), to warrant our conclusion that the form of this transaction alone will not preclude reimbursement of its costs.

■ Respondent contends that it did not receive timely notification of this transfer of ownership pursuant to 770 I.A.C. § 81.-6(12). This particular transaction is not specifically described as one requiring notification to the department of social services in that section. Regardless, we conclude that respondent was made sufficiently aware of the transaction so as not to be prejudiced by a lack of timely notification. Furthermore, it is apparent that had timely notification been given, respondent would still rely on its "not reasonably related to patient care" argument, and for that reason, we address the merits of that argument.

■ "Loans not reasonably related to patient care" are defined as "[l]oans made to finance that portion of the cost of acquisition of a facility that exceeds historical cost as determined under section 405.415(b) or the cost basis as determined under section 405.415(g). . . . " 42 C.F.R. § 405.-419(d) (1978). Historical cost is defined in 42 C.F.R. § 405.415(b)(1) (1978) as "the cost incurred by the present owner in acquiring the asset." The cost basis for a facility purchased as an ongoing operation as defined in 42 C.F.R. § 405.415(g) (1978) is the price paid by the purchaser when the purchaser can demonstrate that the sale was a bona fide sale and the price of the facility did not exceed fair market value at the time of the sale. The record shows that this was a bona fide sale, the price of the facility did not exceed the fair market value, and the loan did not exceed petitioner's cost of acquiring the facility. Consequently, this loan does not meet the standard of a loan not reasonably related to patient care,

as delineated in 42 C.F.R. § 405.419(d) (1978).

Respondent apparently contends, however, that a loan for the mere transfer of ownership of a facility that is an ongoing operation can never be sufficiently reasonably related to patient care to justify the reimbursement of interest on that loan. In *American Medical Internation, Inc. v. Secretary of Health, Education & Welfare*, 466 F.Supp. 605, 623 (D.D.C.1979), however, the district court distinguished between transfers of ownership merely for investment purposes and those in which the purchaser became the actual provider of services. The district court held that transfers for investment purposes only would not create allowable interest, implying, therefore, that interest costs incurred by a purchaser who then became the actual provider of services would be reimbursable. Furthermore, interest, as defined in 42 C.F.R. § 405.-419(b)(1) (1978), includes interest on "funds borrowed for capital purposes, such as acquisition of facilities. . . ." It was apparently contemplated that interest incurred in the transfer of ownership of facilities would be considered reimbursable. Finally, a section recently added to 770 I.A.C. § 81.6(11) is of particular assistance in determining whether interest incurred in the transfer of ownership was intended to be reimbursable. Section 81.6(11)(n) states:

> Depreciation, interest and other capital costs attributable to construction of new facilities, expanding existing facilities, or the purchase of an existing facility, are allowable expenses only if prior approval has been gained through the health planning process specified in rules of the health department, 470—chapter 201.

While the requirement of prior approval was not applicable at the time the purchase of this existing facility took place, the language of the section clearly shows that the interest incurred in the mere purchasing of an existing facility was intended to be an allowable expense. Since there was no showing that this loan was not reasonably related to patient care pursuant to 42 C.F.R. 405.419(d), we conclude that the interest on this loan was both necessary and proper, and, consequently, was reimbursable to petitioner as an allowable cost under 770 I.A.C. § 81.6(11)(h) (current version at 770 I.A.C. § 81.6(11)(k)). Thus, we reverse that part of the district court's judgment that affirmed respondent-agency's denial of interest costs incurred by petitioner as a result of his purchase of the nursing home facility. Since this issue is resolved in favor of petitioner, we decline to address his constitutional contentions.

II. The district court reversed respondent-agency's denial of depreciation costs to petitioner. Respondent cross appeals from that judgment, contending that depreciation should not be an allowable cost in this case because of the form of the transaction, because there was no basis for the district court's reversal of the agency decision, and because stepped-up depreciation should not have been allowed since any depreciation is counterbalanced by the effects of inflation.

■ We think respondent's contention that the form of this transaction precludes allowing reimbursement of depreciation is without merit in light of the case of *Pacific Coast Medical Enterprises v. Califano*, 440 F.Supp. 296, 306–07 (C.D.Cal.1977), which allowed reimbursement of depreciation of a facility acquired in a transaction very similar to that in the case at bar. The contention that there was no basis for the district court's reversal of the agency decision is also without merit. Section 17A.19(8)(c), The Code 1979 allows the district court to reverse the agency's action if the rights of the petitioner were prejudiced because the agency action was in violation of an agency rule. 770 I.A.C. § 81.6(11)(g) (current version at 770 I.A.C. § 81.6(11)(j)) provides that "[d]epreciation based upon tax cost using only the straight-line method of computation, recognizing the estimated normal life of the asset, may be included as a patient cost." Since the record shows that all the requirements of that agency rule were met, the district court determined that the agency violated its own rule in denying reim-

bursement of depreciation to petitioner, and reversed the agency decision on that basis. Our review of the record reveals that the district court's reversal of the agency's denial of depreciation reimbursement was not in error. Finally, respondent's contention that the stepped-up depreciation is offset by inflation is raised for the first time on appeal. For that reason, we will not consider it. *Beitz v. Horak*, 271 N.W.2d 755, 759 (Iowa 1978). Consequently we affirm that part of the district court's judgment that reversed respondent-agency's denial of depreciation reimbursement.

AFFIRMED IN PART; REVERSED IN PART.