Debra A. **TYLER** f/k/a Debra A. Cox, Plaintiff–Appellant,

v.

Marvin D. **PERCELL**, Sandra Schmith, Gary Schmith, and Michael Lauritsen, Defendants–Appellees.

No. 92–352.

Court of Appeals of Iowa.

Sept. 2, 1993.

Robert B. Deck, Sioux City, for plaintiff-appellant.

Duane Hoffmeyer of Vakulskas & Hoffmeyer, Sioux City, for defendant-appellee Percell.

Teresa O'Brien of Forker & Kanter, Sioux City, for defendant-appellee Lauritsen.

Considered by DONIELSON, P.J., and HAYDEN and SACKETT, JJ.

SACKETT, Judge.

Plaintiff-appellant Debra A. Tyler appeals following the trial court dismissal on a motion for directed verdict of her action against defendants-appellees Marvin D. Percell, Sandra Schmith, Gary Schmith, and Michael Lauritsen for alleged tortious interference with an installment sale real estate contract she had entered into with defendant Percell. We reverse and remand.

There was a jury trial, but the trial court directed a verdict of dismissal for defendants at the close of the plaintiff's case.

Therefore, we must view the evidence in the light most favorable to the plaintiff. *See Beitz v. Horak,* 271 N.W.2d 755, 757 (Iowa 1978); Iowa R.App.P. 14(f)(2). The defendant is considered to have admitted the truth of all evidence offered by the plaintiff and every favorable inference that may be deduced from it. *B & B Asphalt Co. v. T.S. McShane Co.,* 242 N.W.2d 279, 284 (Iowa 1976). To overrule the motion and reverse the trial court, this court must find substantial evidence in support of each element of plaintiff's claim. *Beitz,* 271 N.W.2d at 757. If reasonable minds could differ, an issue is for the fact finder. *Harvey v. Palmer College of Chiropractic,* 363 N.W.2d 443, 444 (Iowa App.1984).

The facts taken in the light most favorable to the plaintiff are that plaintiff signed an installment sale real estate contract to purchase real estate in Sioux City from defendant Percell. Plaintiff was required to make monthly payments of principal and interest on the contract, keep the premises in good repair, and pay real estate taxes. On the real estate were six apartments and two garages. Percell was aware that because of plaintiff's financial circumstances she would be relying on the rents received from the apartments and garages to make the required payments on the contract. In May 1989, defendants Sandra Schmith, Gary Schmith, and Michael Lauritsen agreed with plaintiff to be managers of the apartments. Sometime in late October or early November 1989, defendants Schmiths and Lauritsen talked to Percell about buying the property. They also talked to plaintiff about selling. Plaintiff said she was not interested. In October, defendant Lauritsen told plaintiff a tenant had not paid rent when, in fact, he had collected it. Defendant Lauritsen also refused to give tenants plaintiff's phone number telling them she was a greedy bitch. Plaintiff said all defendants, when she asked for rents, told her they were given to defendant Percell. On November 3, 1989, plaintiff came to collect rents from Schmith and was told that Percell had told them not to give plaintiff their rents. About that time Percell told Mrs. Schmith that plaintiff would not be around long. On January 5, 1990, plaintiff was forfeited out of the contract for nonpayment because she contends the rents were withheld and she did not have money to make payments.

By the time of trial, the Schmiths had filed bankruptcy and the Iowa courts no longer had jurisdiction over plaintiff's claim against them.

At the close of the evidence, the trial court dismissed the claim against Percell finding because he was a party to the contract a cause of action for interference with the contract would not lie.

The trial court, at the close of plaintiff's evidence, dismissed the claim against defendant Lauritsen finding there was not substantial evidence to support a finding he had interfered with the contract.

■ The law of tortious interference is evolving. *Colorado Interstate Gas Co. v. Natural Gas Pipeline Co.,* 885 F.2d 683, 691 (10th Cir.1989). Intentional interference with a contract requires proof of the following elements:

(1) the existence of a valid contractual relationship,

(2) knowledge of the relationship,

(3) intentional interference inducing or causing a breach or termination of the relationship, and

(4) resultant damage to the party whose relationship has been disrupted.

*Kendall/Hunt Publishing Co. v. Rowe,* 424 N.W.2d 235, 244 (Iowa 1988).

■ Plaintiff contends the trial court applied incorrect law when it determined because Percell was a party to the real estate contract there was no cause of action against him for tortious interference with the contract. In *Klooster v. North Iowa State Bank,* 404 N.W.2d 564 (Iowa 1987), the Iowa Supreme Court for the first time addressed the specific question of whether it is possible to tortiously interfere with a contract to which one is a party. *See Klooster,* 404 N.W.2d at 569–70. In *Klooster,* the claim was waged by one party to a contract against a second party to a contract and the court said, "No third parties were involved." *Id.* at 570. The court then went on to say, "We decline to recognize a tortious interference

claim based on *these acts." Id.* (Emphasis supplied). The rationale behind such a holding is where both parties are parties to the contract, it is a breach of the agreement and the proper remedy is a suit for breach of contract. *See K & K Management v. Lee,* 316 Md. 137, 557 A.2d 965, 974 (1989). In *Irons v. Community State Bank,* 461 N.W.2d 849 (Iowa App.1990), this court was asked to address a jury instruction given by a trial court. That instruction provided Community State Bank could be liable to plaintiff Irons for interfering with a contract between the Community State Bank and FmHA rather than between the Irons and FmHA. We said, "The trial court erred by instructing the jury that a party may interfere in its own contract." *Irons,* 461 N.W.2d at 858.

■ The facts here are distinguishable from *Klooster* because, unlike *Klooster* which involved only a claim between the two parties to a contract, the claim here is that a party to the contract, defendant Percell, jointly conspired with third parties. Furthermore, the facts are distinguishable from *Irons.* There the trial court instructed defendant, bank, could not be responsible to plaintiff, Irons, for interfering with a contract between the bank and a third party, FmHA, to which plaintiff was not a party. Here plaintiff's claim is that Percell, a party to the contract, conspired with third parties.

The Michigan Court of Appeals addressed a factually similar situation in *Woody v. Tamer,* 158 Mich.App. 764, 405 N.W.2d 213 (1987). In *Woody,* plaintiff, contract vendors, claimed defendant, purchasers, withheld payments on land contract without justification at the instigation of defendant First National Bank. Vendors had given a mortgage on premises to defendant, First National Bank, and vendors were dependent on purchaser payments to satisfy mortgage. In *Woody* it was alleged default by defendant purchasers was with the object of forcing plaintiffs into default on mortgages. The Michigan court reversed a summary judgment entered for defendants.

Was the trial court correct in holding as a matter of law Percell was insulated from responsibility because he was the contract vendor? Looking at the facts in the light most favorable to plaintiff, Percell's action was not actually predicated on a breach of his contract with plaintiff. Rather, Percell was engaged in a conspiracy to withhold rents which would in essence result in plaintiff being forced to breach the contract because she did not have the money to perform it. These facts distinguish this case from *Klooster* and *Irons.*

We find, as did the Michigan court in *Woody,* 405 N.W.2d at 217–18, Percell should not be insulated from responsibility because he was the contract vendor. The trial court erred in directing a verdict in Percell's favor.

■ We also find evidence in the record that supports plaintiff's claim against Lauritsen. There is evidence Laurtisen purposely withheld rents; told plaintiff he had given rents to Percell; and refused to give tenants plaintiff's phone number.

■ All persons who unite to induce a breach of a contract are jointly and severally liable for the damages to the party injured. 45 Am.Jur.2d *Interference* § 54 (1969).

We reverse and remand for a new trial.

**REVERSED AND REMANDED FOR A NEW TRIAL.**